A. E. BOWE v. CITY OF ST. PAUL.[1]

December 3, 1897.

Nos. 10,953—(291).

Laws 1895, c. 242 — Constitution — City of St. Paul — Reduction of Salary — Assistant Attorney.

Held, as applied to the office of second assistant city attorney of St. Paul, Laws 1895, c. 242, is special legislation, and is unconstitutional and void by reason of its being based partly on special legislation, so as to render it special in its operation and effect; and it gave the common council of St. Paul no authority to reduce the salary attached to that office below the amount fixed by the city charter.

[1]Reported in 73 N. W. 184.

**Same—Estoppel.**

> The plaintiff accepted that office after the city council had so attempted to reduce tne salary of the same, and received his salary at the rate to which it was so attempted to be reduced. *Held*, he is not thereby estopped from claiming the balance of the salary as fixed by the charter.

Appeal by defendant from an order of the district court for Ramsey county, Willis, J., sustaining plaintiff's demurrer to the answer. Affirmed.

*James E. Markham* and *Carl Taylor,* for appellant.

An officer cannot after the expiration of his term attack the authority under which his salary was reduced and recover a greater rate fixed by some prior act. Love v. Mayor, 40 N. J. L. 456. For the rules determining whether a statute is unconstitutional as special legislation, see Nichols v. Walters, 37 Minn. 264; State v. Cooley, 56 Minn. 540; Alexander v. City, 57 Minn. 47; State v. District Court, 61 Minn. 542.

*A. E. Bowe,* in pro. per.

Laws 1895, c. 242, is unconstitutional and void: (1) Because it is special legislation in violation of Const. art. 4, § 33. There is no substantial basis for the classification therein attempted but the same is simply arbitrary. Nichols v. Walters, 37 Minn. 264; State v. Spaude, 37 Minn. 322; Johnson v. St. Paul, 43 Minn. 222; State v. Sheriff, 48 Minn. 236; Sutton v. State (Tenn.) 36 S. W. 697; State v. Cooley, 56 Minn. 540; State v. Hammer, 42 N. J. L. 435; Scowden's App., 96 Pa. St. 422; State v. Board, 48 N. J. L. 438; Costello v. Wyoming, 49 Oh. St. 202; State v. Glenn, 47 N. J. L. 105. (2) Because it is repugnant to Const. art. 4, § 27, in that it fails to express truly in its title the subject of the law, but its title is false and deceptive. Coutieri v. Mayor, 44 N. J. L. 58. (3) Because the law is not uniform in its operation even as to the classes it purports to affect. (4) Because it fails to bring within its operation all of the subjects of the classes it purports to affect. It is therefore class legislation. Lavallee v. St. Paul, 40 Minn. 249; Johnson v. St. Paul, supra; State v. Cooley, supra.

CANTY, J.

One of the amendments to the charter of St. Paul (passed before the constitutional amendment of 1892 prohibiting special legislation) fixed the salary of the second assistant city (or corporation) attorney at $1,200 per year.

Laws 1895, c. 242, provides that in all cities in this state having a population of over 100,000 inhabitants, and not exceeding 165,000 inhabitants, the common council of the city shall have power

"By a three-fourths vote of all the members thereof to fix and regulate the salaries and compensation of and for any and all of the officers, deputies, assistants, clerks and employees of such city or any board or department thereof as hereinafter specified."

Sec. 2. "* * * The common council of any such city shall have no power or authority to fix, provide for or allow, directly or indirectly, any greater sum as salary or compensation for any officer, deputy, assistant, clerk or employee of any such city * * * than is now paid for such purpose, but may fix, allow or provide for the reduction of such salaries or compensation * * * below the sum or sums hereinafter provided for."

Section 3 fixes at specified sums the salaries of a large number of city officers, but does not include the office of assistant or second assistant city attorney. The complaint in this action alleges that plaintiff was employed as such second assistant city attorney of St. Paul for ten months, commencing June 15, 1896, and has been paid only $900 therefor, and that there is due him a balance of $100, which he demanded more than thirty days before the commencement of this action, and for which he demands judgment against the city. The answer alleges that on January 1, 1896, the common council of St. Paul, pursuant to said chapter 242, reduced the salary of such second assistant city attorney to $1,080 per year. From an order sustaining a demurrer to this answer, the defendant city appeals.

The answer is assailed on the ground that said chapter 242 is special legislation, and therefore unconstitutional and void, and that it gave the city council no authority to reduce the salary of such second assistant city attorney.

By the state census of 1895 the population of St. Paul was 140,292, so that it falls within the limits as to population prescribed by the

act. But it is the only city which at the present time falls within those limits, and it is claimed that for this reason the act is special legislation and contravenes section 33 of article 4 of the constitution as amended in 1892, prohibiting special legislation as to cities. It was held in State v. Cooley, 56 Minn. 540, 58 N. W. 150 (on reargument), that, if the classification is otherwise proper and complete the act is not special legislation merely because there is but one member in the class. It has also been held by this court that cities may be classified according to population and, if the class is otherwise proper, the legislation is not special merely because there is at the time of the passage of the law but one city in the class. State v. District Court, 61 Minn. 542, 64 N. W. 190. But it is not necessary here to decide whether in this respect this act is or is not constitutional.

As applied to the office of second assistant city attorney of St. Paul, there are, in our opinion, other reasons why the act is unconstitutional.

As applied to the office in question, the act is not complete in itself, but refers to the St. Paul charter—a special law—for one of the limitations on the powers of the common council of St. Paul. The act provides that the council shall have no power to allow any greater sum as salary "than is now paid for such purpose." In order to ascertain the meaning of this, as applied to the office in question, we must look to said special law; and by doing so we find that the limit, as to this office, is $1,200 per year.

Now, suppose that, on the taking of the next census, Duluth should have a population of more than 100,000, and should come within this act. She, also, has a special charter and, by the provisions of the same, such limit as to the powers of her city council in fixing the salary of her second assistant attorney might be $500 per year, or there might be no limit at all; so that by the terms of this so-called general law there would be one limit as to a certain office in one city and a different limit, or no limit at all, as to the same office in another city.

It must appear that the act will always, by the force of its own terms, continue to be a general law. Again, this act might become special in its operation and effect by the future repeal of some of

these special laws. A general law cannot be based on special laws, even though its operation is general when passed, if the legislature, by the future repeal of any or all of the special laws, may render the so-called general law special in its operation and effect. The act cannot be constitutional to-day and unconstitutional to-morrow. If it may in the future become unconstitutional, it is so when passed.

The act in question, being void as regards the office in question, gave the common council no authority to reduce the salary attached to that office. Whether this act is void in part and valid in part, and is constitutional as regards the offices enumerated in section 3 thereof, it is not necessary to consider.

2. The common council attempted to reduce the salary before plaintiff was appointed to the office, and it is contended by the appellant that, as plaintiff accepted the office and held it at such reduced salary and received all of such reduced salary every month during the time without objection, so far as appears, he is now estopped to assert a claim for the balance of the salary provided by the charter. In support of this proposition, counsel cites Love v. Mayor, 40 N. J. L. 456. The conditions in that case were different. There the municipal authorities had the power to reduce the salary but, as was claimed, had failed to exercise that power properly, so that their action in attempting to reduce the salary was void. The plaintiff in that action afterwards accepted and held the office and received his salary monthly at the reduced rate. If he had at any time, on the ground of such irregularity, made objection to the amount of salary he was being paid, the municipal authorities could have cured the irregularity by taking new action, and the city was therefore prejudiced by his failure to object in proper time. In passing on the question, it is said in the opinion, page 460,

"His receipt of monthly warrants and payments during the whole term is an estoppel against any error in the mode of reduction or the amount fixed by the board of finance and taxation."

But in the case at bar the city authorities had no power to reduce the salary at all, and therefore the city is not prejudiced by plaintiff's failure to object to the payment of an amount less than that

fixed by the charter.  If plaintiff is estopped in this case, we see no reason why he would not be if the common council attempted to reduce his salary without any color or pretense of authority at all.   And, if this is true, it will only be necessary in any case for the city council to take action purporting to reduce the salary of any city official or employee below that fixed by the charter, and any one afterwards accepting the office or employment will be estopped from claiming any more than the amount to which the council so attempted to reduce the salary.   The city council cannot override the city charter in this manner.   We are of the opinion that no such doctrine of estoppel can be applied to this case.

Order affirmed.