DUNOID SIMARD v. DENNIS M. SULLIVAN and Another.[1]

February 14, 1898.

Nos. 10,984—(298).

Laws 1895, c. 301—Salary of County Surveyor—Constitution—Title of Act.

Laws 1895, c. 301, entitled "An act authorizing and directing the county commissioners of certain counties to reduce the compensation and number of officers and other employees of such counties," etc., is in conflict with section 27, art. 4, of the constitution, as to all officers therein named whose salaries or compensation are authorized to be increased by such commissioners. To this extent the law is invalid and inoperative.

Appeal by defendants from an order of the district court for Ramsey county, O. B. Lewis, J., overruling their demurrer to the complaint. Affirmed.

*Warner, Richardson & Lawrence,* for appellants.

*Geo. C. Lambert,* for respondent.

COLLINS, J.

Plaintiff, a citizen, taxpayer and voter of Ramsey county, brought this action for the purpose of obtaining an injunction to restrain the defendant county auditor from issuing warrants for the compensation of defendant county surveyor, and the latter from receiving such warrants should they be issued. A general demurrer to the complaint was interposed, and overruled by the court below, whereupon defendants appealed.

A determination of the order appealed from involves the constitutionality of chapter 301, Laws 1895; and while the court below, when overruling the demurrer, considered the case with reference to its bearing and effect upon a large number of officers whose compensation had been fixed by a resolution of the board of county commissioners, adopted in compliance with the terms of section 1 of said chapter, the validity of the act as its provisions relate to, or affect the compensation of, the county surveyor is really the only question before us. Whether, as a whole, and in all its parts,

[1] Reported in 74 N. W. 280.

the act is repugnant to one or more of the constitutional provisions, we need not and shall not determine.

The title of the act, one word of which we italicize, is as follows:

"An act authorizing and directing the county commissioners of certain counties to *reduce* the compensation and number of officers and other employees of such counties and regulating the same, and conferring certain duties upon certain officers of such counties in connection therewith, and prescribing a penalty for violation thereof, and repealing all acts and parts of acts inconsistent therewith."

By the provisions of section 1, the board of county commissioners in each county having a population of not less than 100,000 and not more than 185,000 is directed to fix the monthly salary or compensation of every county officer, with certain exceptions, by a resolution to be adopted in the month of December, 1896, and every five years thereafter. By section 2 it is provided that the monthly salary or compensation shall in no case more than equal the sum of $4,000 per year; that is, the rate per month shall not exceed the rate of $4,000 per year.

According to its title, one of the avowed objects of the enactment was to reduce the compensation and number of officers and employees in the counties coming within the classification, while the authority actually conferred in the body of this law, in respect to compensation or salary, is to fix the same by resolution at a rate not in excess of $4,000 per year, and without regard to previous compensation or salary. This authorized the county board to increase the compensation or salary of any county officer whose compensation or salary had previously been less than $4,000 per year, and, acting within the scope of this express authority, the county board, by its resolution, fixed the monthly compensation or salary of the county surveyor at $208.33 1-3 per month, or at the rate of $2,500 per year,—more than double what had previously been fixed by general law as the compensation of such officer, namely, $4 per day. G. S. 1894, § 830.

We need not waste words in demonstrating that when the subject of a legislative enactment as expressed and embraced in its title is to reduce the compensation or salary of certain officers, any part of the body of the law which permits and authorizes an in-

crease of such compensation or salary is inconsistent with such title, and in direct violation of article 4, § 27, of the constitution, which provides that "no law shall embrace more than one subject, which shall be expressed in its title." We cannot imagine a more flagrant violation of the constitutional provision than one which, under the guise of a title like that of the act now before us, authorizes an act the very opposite of the one expressed,—an increase of compensation or salaries, instead of a decrease. As to all officers therein named whose salaries or compensation are authorized to be increased, it contravened the fundamental law before mentioned, and cannot be upheld. This invalidity, however, does not necessarily affect the other provisions of the act. Reimer v. Newel, 47 Minn. 237, 49 N. W. 865.

We are aware that public interests probably require us to express our views as to the other questions argued, all of them going to the validity of the law. But the order overruling the demurrer was filed in the court below just 13 days prior to the argument here. Counsel for both parties have of necessity hastily prepared their briefs and arguments. We are inclined to the opinion that further and more deliberate examination of the questions on the part of counsel will materially assist the court in reaching a proper conclusion as to the validity of the law as a whole.

Order affirmed.