STATE OF MINNESOTA ex rel. SAMUEL A. ANDERSON v. DENNIS M. SULLIVAN.

April 29, 1898.

Nos. 11,084—(234).

**Laws 1895, c. 301—Salaries of County Officers—Constitution—Title of Act—Simard v. Sullivan, 71 Minn. 517, Followed.**

Simard v. Sullivan, 71 Minn. 517, adhered to and followed; holding that the provisions of Laws 1895, c. 301, relating to county officers whose compensation is authorized to be increased, are invalid, because not expressed in the title of the act.

**Same—Invalid Provisions—Effect on Whole Act.**

The fact that the provisions as to the salaries of certain officers are invalid does not render the whole act invalid; there being no such dependency or connection between the compensation to be paid to different officers as would justify the courts in holding that the legislature would not have passed the act without the invalid provisions.

**Same—Special Legislation—Classification of Counties by Population.**

The basis of classification of counties by population is not repugnant to the constitutional prohibition of special legislation.

**Same—Uniformity of Operation of Act.**

The fact that under the act the compensation attached to a particular office may not be fixed by the county commissioners at the same amount in all counties in the class does not render the act repugnant to the constitutional provisions that all such laws shall be uniform in their operation.

**Same—Provisions of Act Based on Existing Special Legislation.**

 The provisions of the act (unless it be those as to the number and aggregate compensation of clerks, employees, and assistants in the various county offices) are not subject to the objection that they are based on existing special legislation.

Appeal by respondent from an order of the district court for Ramsey county, Olin B. Lewis, J., granting a peremptory writ of mandamus. Reversed.

*Warner, Richardson & Lawrence,* for appellant.

Laws 1895, c. 301, if constitutional, repeals Sp. Laws 1887, c. 363. Laws 1895, c. 301, is not unconstitutional on the ground that it violates the provision that no law shall embrace more than one subject, which shall be expressed in its title, in that it changes the compensation of certain officers from a fee basis to a salary basis. Potwin v. Johnson, 108 Ill. 70; City of Elizabeth, 49 N. J. L. 488; State v. Cassidy, 22 Minn. 312; Boyle v. Vanderhoof, 45 Minn. 31; Timm v. Harrison, 109 Ill. 593; Tice v. Bay City, 78 Mich. 209; Board v. Heenan, 2 Minn. 281 (330); Martin v. Santa Barbara Co., 105 Cal. 208; People v. Wemple, 115 N. Y. 302. The act was intended to accomplish an aggregate, and not an itemized, reduction. If so, it must be conceded that its title is not only sufficient, but that it is in perfect harmony with the body of the act. It is the absolute duty of the court so to construe the law and its title as to make it appear constitutional if there be any possible way to do it. McCormick v. Village of W. Duluth, 47 Minn. 272; Boyle v. Vanderhoof, supra; Grimes v. Bryne, 2 Minn. 72 (89); Barker v. Kelderhouse, 8 Minn, 178 (207); State v. Small, 29 Minn. 216; Lavalle v. St. Paul, M. & M. Ry. Co., 40 Minn. 249; Cobb v. Bord, 40 Minn. 479. The position of the word "officers" in the title, and its use there, indicate that it includes not only the county officers proper but also their deputies, and that the word "reduce" cannot be held to require a reduction of the compensation of each officer.

Laws 1895, c. 301, is not special legislation because it applies only to such counties in the state as have a population of not less than 100,000 and not over 185,000. The object of the constitutional amendment was to exterminate absolutely special legislation, and

to substitute general law in its place wherever it could be effected. State v. Parsons, 40 N. J. L. 1. Classification based on population was proper. State v. New Brunswick, 42 N. J. L. 51; Randolph v. Wood, 49 N. J. L. 85; Warner v. Hoagland, 51 N. J. L. 62; Paul v. Gloucester Co., 50 N. J. L. 585; Cook v. State. 90 Tenn. 407; State v. Miller, 100 Mo. 606; State v. Graham, 16 Neb. 74; Fellows v.Walker, 39 Fed. 651; State v. Stuht, 52 Neb. 209; State v. Cooley, 56 Minn. 540; State v. District Court of St. Louis Co., 61 Minn. 542; Mortland v. Christian, 52 N. J. L. 521. If some reason for a classification upon the basis of population can be found, it is not for the courts to override the judgment exercised by the legislature. Nichols v. Walter, 37 Minn. 264; State v. Hammer, 42 N. J. L. 435; Lloyd v. Smith, 176 Pa. St. 213; Gillespie v. City of Pittsburgh, 138 Pa. St. 401; State v. Baker, 55 Oh. St. 1; State v. Borough of Clayton, 53 N. J. L. 277; State v. Sullivan, 62 Minn. 283.

The act is uniform in its operation. Uniformity is required simply in respect to the particular with which the legislation deals. Alexander v. City of Duluth, 57 Minn. 47; Heck v. State, 44 Oh. St. 536; State v. Berka, 20 Neb. 375; Corwin v. Ward, 35 Cal. 195; Com. v. People's Sav. Bank, 5 Allen, 428; Allen v. Drew, 44 Vt. 174; State v. Copeland, 66 Minn. 315; State v. Sullivan, supra; Curryer v. Merrill, 25 Minn. 1; McAunich v. Mississippi & M. R. Co., 20 Iowa, 338; Groesch v. State, 42 Ind. 547; Commissioners v. Miller, 7 Kan. 479; Smith v. Judge, 17 Cal. 547; Jackson v. Shawl, 29 Cal. 267; Caruthers v. Andrews, 2 Cold. (Tenn.) 378. In order to carry out the provisions of the act it is not necessary to refer to prior special legislation.

*J. F. George* and *Samuel A. Anderson*, for respondent.

Laws 1895, c. 301, is in conflict with Const. art. 4, §§ 33, 34. There must be a substantial distinction, where a classification is attempted, having reference to the subject-matter of the proposed legislation, between the objects or places embraced in such legislation and the objects or places excluded. The marks of distinction on which the classification is founded must be such in the nature of things as will, in some reasonable degree at least, account for or justify the restriction of the legislation. Nichols v. Walter,

37 Minn. 264; Lavallee v. St. Paul, M. & M. Ry. Co., 40 Minn, 249; Johnson v. St. Paul & D. R. Co., 43 Minn. 222; State v. Cooley, 56 Minn. 540; State v. Copeland, 66 Minn. 315; Bowe v. City of St. Paul, 70 Minn. 341, 73 N. W. 184. The characteristic or peculiarity must plainly distinguish the places included from the places excluded, that is, the law must be so inappropriate to the condition of the places excluded as to be of no advantage or benefit to them. Atlantic City W. W. Co. v. Consumers W. Co., 44 N. J. Eq. 427; McCarthy v. Com., 110 Pa. St. 243. See State v. Hammer, 42 N. J. L. 435, 440.

Perhaps the most arbitrary and unreasonable portion of this act is that part of section 11 which says that the act shall become, after ninety days, inapplicable to any county growing out of the class. See also Com. v. Patton, 88 Pa. St. 258; Devine v. Board of Commrs., 84 Ill. 590; State v. Mitchell, 31 Oh. St. 592; Mortland v. State, 52 N. J. L. 521. Distinctions due merely to pre-existing repealable special legislation would not of themselves constitute a proper basis of classification, for that would tend to perpetuate the very peculiarities which the constitution was designed ultimately to remove. State v. Cooley, supra. Neither can the classification be based on existing circumstances only, or those of limited duration. State v. Cooley, supra; Com. v. Patton, supra. The classification is invalid for the further reason that it arbitrarily excludes any county in the class within ninety days after such county shall contain a population exceeding 185,000.

The act more specifically is unconstitutional because it is not uniform in its operation. Simard v. Sullivan, 71 Minn. 517, 74 N. W. 280; Bowe v. City of St. Paul, supra. The act is also unconstitutional for the reason that it is not complete in itself, but refers to various special laws by implication. Bowe v. City of St. Paul, supra; State v. Sullivan, 62 Minn. 283. The act is unconstitutional in toto, for the reason that not only does it contain subjects not expressed in the title, namely, the power and duty to reduce salaries and compensation, but for the reason that the real subject of the act is not in any sense as expressed in the title, but is to fix, regulate and raise, if necessary, not only the salaries and compensations of the various officials, but to fix, regulate and raise the

number of employees. State v. Cassidy, 22 Minn. 312; Cooley, Const. Lim. 170–172.

MITCHELL, J.

Mandamus to compel the county auditor of Ramsey county to issue to the relator a warrant for his salary as county attorney at the rate of $5,500 per annum, as fixed by Sp. Laws 1887, c. 363.   The county auditor answered to the alternative writ (1) that the act of 1887 was repealed by Laws 1895, c. 301, under which the county commissioners had fixed the salary of county attorney at $4,000; (2) that the act of 1887 was unconstitutional; and (3) that the relator had by his conduct estopped himself from claiming salary at the rate fixed by the act of 1887.   Upon the hearing the relator contended (1) that the act of 1895 was unconstitutional, and hence did not repeal the act of 1887; (2) that the act of 1887 was valid; and (3) that he had done nothing which estopped him from claiming salary under the act of 1887.   The district court held with the relator in all of his contentions, and directed a peremptory writ to issue as prayed for.   From the order the county auditor appealed.

1. We had the act of 1895 under consideration in Simard v. Sullivan, 71 Minn. 517, 74 N. W. 280, where we held it invalid as to all county officers therein named whose salaries are authorized to be increased, because this was not expressed in its title, which is, "An act authorizing and directing the county commissioners   *   *   * to reduce the compensation and number of officers and other employees of such counties," etc.   We permitted a reargument of this question in this case, and counsel for the county auditor has urged with much earnestness that the purpose of the act, as indicated or expressed in its title, was merely to accomplish "an aggregate reduction, and not an itemized reduction," of salaries of county officers, and hence that its title was in harmony with the body of the act.   But, after fully considering counsel's argument, we see no reason for receding from our former decision.

If the amount of the salary of one county officer was at all dependent upon, or connected with, the amount of the salaries of other county officers, there would be some force in counsel's contention.   But we fail to perceive any reason why it is necessary to

increase one officer's salary in order to decrease that of another, or how there is any connection between the two things. Any such construction would enable the act to be used as a mere log-rolling scheme to increase unduly the salaries of some officers at the expense of the others,—a result certainly not suggested by its title. It does not follow, however, that the entire act is invalid.

2. Counsel for the relator contend that the whole act is unconstitutional, as being special legislation, because the attempted classification is not on a valid and proper basis.

By its terms, the act is applicable to all counties having, according to the then last completed state or national census, a population of not less than 100,000 and not over 185,000 inhabitants. The fact that there was and still is only one county (Ramsey) in the class is no objection to the classification, if otherwise proper. Under the provisions of the act, all counties which may hereafter attain a population of 100,000 and not over 185,000 inhabitants will fall within the class, and whenever any of them fall below 100,000 or rise above 185,000 they will drop out of the class. State v. Cooley, 56 Minn. 540, 58 N. W. 150; State v. District Court St. Louis Co., 61 Minn. 542, 64 N. W. 190; Bowe v. City of St. Paul, 70 Minn. 341, 73 N. W. 184. We have held that cities may be classified according to population. State v. District Court St. Louis Co., supra; Bowe v. City of St. Paul, supra. See, also, Wheeler v. Philadelphia, 77 Pa. St. 338. This is equally true as to counties. There can be no doubt that population is a proper basis for classification of cities and counties with reference to the salaries or compensation of city or county officers. If the act under consideration had been made applicable to all counties having a population of not less than 100,000, it would be hardly contended that the basis of classification was not proper.

The only thing that could cast any possible doubt on the propriety of the basis adopted in this act is the fact that it excludes from the class counties having more than 185,000 inhabitants. It is urged that this is an arbitrary classification, not founded upon any apparent natural reason suggested by a difference between the situation and circumstances of the counties included and those excluded from the class, or which suggests the necessity or propriety

of different legislation with respect to them. The subject of classification by population is so largely a matter of policy, and the considerations which enter into it are so numerous and complex, that the legislature must necessarily be allowed a large discretion in the matter; and the courts ought not to hold a statute invalid or special legislation unless it appears very clearly that the basis of classification adopted is purely arbitrary. We cannot say that there may not be some natural reason, founded on a difference in situation and circumstances, why counties having over 185,000 inhabitants should be excluded from the class, as well as those having less than 100,000, or why counties having a population between those limits should not have different legislation in respect to salaries of county officers.

If the basis of classification is proper, an act is general, although it operates only for one class of municipalities, and makes no provision as to those not falling within the class, or for those which, by reason of an increase or decrease of population, pass out of the class. In other words, a law providing for a proper class of municipalities is not lacking in generality because other correlated acts, relating to other classes, have not been enacted. State v. Borough of Clayton, 53 N. J. L. 277, 21 Atl. 1026.

3. Another objection urged against the act is that it is not uniform in its operation, inasmuch as the salaries of the officers in all the counties belonging to the class will not, or at least may not, be the same.

This contention is based upon a misapprehension as to what the constitution means by "uniformity of operation." By the act in question the same rule is enforced in each county belonging to the class. Each county has the same rule by which it has to act, and by which it is to be governed. It may be true that in each county in the class the salaries will not be exactly the same, but that will not be because the law is not uniform in its operation, but merely because, in the exercise of the discretion given by it to the county commissioners, different results are produced. The fact that this discretion is given to meet the different conditions in different counties belonging to the same class does not render the act repugnant

to the constitutional requirement of uniformity of operation.   See State v. Copeland, 66 Minn. 315, 69 N. W. 27.

4. It is further contended that the act of 1895 is invalid because based on prior special legislation.   Under the doctrine of Bowe v. City of St. Paul, 70 Minn. 341, 73 N. W. 184, this will probably have to be conceded as to the provisions of sections 2 and 3 with reference to the number and aggregate compensation of "clerks, employees, or assistants in, under or about" the various county offices.   But this objection does not obtain against the provisions relating to the salary or compensation of the various county officers, whether elected or appointed.   Their salary or compensation is in no way based upon prior special legislation.   It may be necessary to look into prior special legislation for certain purposes, as, for example, to ascertain how far such legislation is repealed by the general act; but that is a very different thing from attempting to base general legislation upon it.

5. It only remains to consider whether, after eliminating the invalid provisions, the remainder of the act is valid, or whether the whole act is invalid.

Where a portion of a statute conflicts with the constitution, the question whether the other parts are also void must depend upon a consideration of the object of the law, and in what manner and to what extent the unconstitutional portion affects the remainder. The familiar rule on the subject is that, although a part of the statute is unconstitutional, that fact does not authorize the courts to declare the remainder void also, unless all the provisions are connected in subject-matter, depending on each other, operating together for the same purpose, or otherwise so connected together in meaning that it cannot be presumed the legislature would have passed the one without the other.   Cooley, Const. Lim. 210.   And in determining whether the invalid portion avoids the whole act the same rule applies as in other cases where a statute is assailed as invalid, viz. that every presumption and intendment is in favor of the constitutionality of the act, and the courts will not be justified in pronouncing it invalid unless satisfied beyond reasonable doubt of its repugnance to the constitution.

Under the decision in Simard v. Sullivan, supra, the act would,

as we understand the facts, be invalid as to the offices of county physician, clerk of the board of control, county surveyor and superintendent of schools, and probably, under the decision in Bowe v. City of St. Paul, supra, as to the aggregate salaries of clerks, employees, and assistants in the various county offices. The apparent intention of the legislature was to provide for the change of fee offices into salaried ones, but the provisions of the act in that regard are exceedingly indefinite and defective. The validity of the provisions of the act as to officers whose compensation previously consisted of fees is not involved in this case, but we shall assume, without deciding, that they are invalid.

The provisions of the act relating to the compensation of judge of probate (except as to the then incumbent of the office), assessor, auditor, attorney and treasurer are, in and of themselves, in no way repugnant to the constitution. The purpose of the act was to regulate and reduce the compensation and number of officers and other employees of all counties belonging to the class. And, while it is apparent that the legislature intended to include all officers and employees within the provisions of the act, yet there is no such connection or dependency between the compensation of the various county officers and employees as would render the provisions as to one incomplete without the provisions as to the others, or as would warrant us in holding that the legislature would not have passed the one without the other. As previously suggested, the amount of the compensation of one officer is neither dependent upon, nor connected with, the compensation of any other officer.

Our conclusion is that the provisions of the act relating to the salary of county attorney are valid. This renders it unnecessary to consider any of the other questions discussed by counsel.

Order reversed.

On Application for Reargument.
May 9, 1898.

PER CURIAM.

We see no good reason for granting a reargument, but the opinion handed down contains one or two statements which ought to be referred to, in order that they may not mislead hereafter.

In considering whether the act of 1895 was invalid in toto or only in part, we named the assessor as one of the officers as to whose salaries the provisions of the act were in and of themselves valid. This was done on the assumption that his salary continued, up to 1895, to be governed by the act of 1887, overlooking Sp. Laws 1891, c. 440, and its repeal by Laws 1893, c. 257, without expressly reviving the former statute. We do not wish to be understood as intimating that this fact affects the validity of the provisions of the act of 1895 as to the salary of assessor, but we merely refer to it in order that it may not be inferred that the question is foreclosed.

In the same connection the opinion states that under the decision in Bowe v. City of St. Paul, 70 Minn. 341, 73 N. W. 184, the provisions of the act as to the aggregate salaries of clerks, employees and assistants in the various county offices would probably be invalid because founded on existing special legislation. This statement was made under a mistake as to the facts. As a matter of fact, there was no existing special legislation as to such clerks, employees, and assistants, except assistant county attorney. The fee officers paid their own assistants out of the fees of their offices, and the salaried officers were allowed a specified compensation, out of which they likewise had to pay their own assistants.

Application for reargument denied.