STATE ex rel. EDMUND W. BAZILLE v. DENNIS M. SULLIVAN.

July 15, 1898.

Nos. 11,226—(257).

**Sp. Laws 1891, c. 440—Salaries of Ramsey County Officers—Const. art. 4, § 27.**

Sp. Laws 1891, c. 440, entitled "An act to reduce the compensation and fees paid officers and employees of the county of Ramsey," etc., is in conflict with section 27, art. 4, of our constitution, and invalid as to all officers therein named whose compensation was thereby permitted or authorized to be increased, whether this was accomplished directly or indirectly.

**Same—Indirect Increase of Officer's Salary.**

The provisions of a statute with such a title, under which an officer's

compensation may be increased, are fully as obnoxious to said section 27 as are those which actually and directly increase such compensation.

**Same—Compensation of Abstract Clerk—Laws 1895, c. 301.**

*Held*, on the authority of Simard v. Sullivan, 71 Minn. 517, that in so far as the provisions of Laws 1895, c. 301, relate to the compensation of this relator, abstract clerk of Ramsey county, they contravene said section 27 of the fundamental law, and are invalid.

Mandamus in the district court for Ramsey county against Dennis M. Sullivan, county auditor of that county, to compel him to issue his warrant for the payment of relator's salary as abstract clerk from December 1, 1897, to April 30, 1898. Respondent answered, and the matter came on for hearing before O. B. Lewis, J. From an order granting the peremptory writ, respondent appealed. Affirmed.

*Samuel A. Anderson*, for appellant.

It is admitted that Laws 1895, c. 301, which authorizes an increase of relator's salary to $4,000 per year, is invalid, within the recent case of Simard v. Sullivan, 71 Minn. 517. Hence the only point to be decided is as to the validity of Sp. Laws 1891, c. 440. This act reduces the maximum fee of the abstract clerk from 25 cents per transfer to 15 cents per transfer. Under the former law the abstract clerk could not retain his fees, but had to pay them to the county, and the county paid him and his clerks stated salaries. The act of 1891 wipes out the salary, reduces the fees, and allows the abstract clerk to retain 90 per cent. thereof. The purpose of the act was to reduce the amount paid officers by the county and to reduce the fees, and that was done. It makes no difference that the clerk may make more out of his fees than his salary amounted to, nor that he no longer was compelled to pay the full amount to the county. The fees were reduced and the salary was wiped out, and any clerks employed had to be paid by the abstract clerk.

*E. W. Bazille* and *George C. Lambert*, for relator.

Sp. Laws 1891, c. 440, authorizes an increase in the compensation of the abstract clerk of Ramsey county, a subject not expressed in its title, and as to that official is unconstitutional and void, leaving in force Sp. Laws 1885, c. 94. Simard v. Sullivan, 71 Minn. 517.

The provisions of the salary act (Laws 1895, c. 301) relating to the abstract clerk for Ramsey county are also void for the same reason. Simard v. Sullivan, supra; State v. Sullivan, 72 Minn. 126.

COLLINS, J.

By Sp. Laws 1883, c. 310, the salary of the abstract clerk of Ramsey county was fixed by law, and he was required to turn all fees received from patrons of his office into the county treasury. By Sp. Laws 1885, c. 94, § 3, that officer's salary was fixed at $3,000 per annum; and it is under this act that he, as relator in this proceeding, demands that respondent county auditor be required to issue his warrant upon the county treasurer for four months' salary.

By Sp. Laws 1891, c. 440, § 3, it was enacted that such abstract clerk should receive no salary from the county after May 1, following. By section 4 it was provided that for abstracts of title such clerk should be authorized to receive as fees 15 cents for each conveyance as shown, and 50 cents for each certificate, in addition to such sums as he was required by law to pay out for certificates of the clerks of courts as to judgments. By section 6 he was required to make and file with the auditor monthly reports and to account for all fees collected, and he was also required to pay over to the treasury 10 per cent. of the gross amount of all fees received in such office. By section 10 he was empowered to retain the balance of said fees as compensation for himself and all of his assistants.

Stated concisely this law deprived the abstract clerk of the salary hereinbefore mentioned and of all sums or allowances for assistance, and in lieu thereof gave him, as compensation for himself and all of his clerks, 90 per cent. of all fees earned in the office. It follows that whether his compensation for a year was more or less than the sum of $3,000 (the amount of the salary as fixed in 1885) would depend upon the earnings of the office and the amount paid out for assistance. It might be more, and it might be less.

This law (chapter 440) was expressly repealed by Laws 1893, c. 257. By Laws 1895, c. 301, the county commissioners were directed to fix the salary of this officer, with others, in an amount not exceeding $4,000 per year. The right of the relator to the

salary warrant ordered to be issued by the court below turns upon the validity of the legislative acts of 1891 and 1895, and his counsel contends that as to him both acts are unconstitutional and void, within the decisions in Simard v. Sullivan, 71 Minn. 517, 74 N. W. 280, and State v. Sullivan, 72 Minn. 126, 75 N. W. 8, in which it was held that the provisions of the act of 1895, relating to county officers whose compensation was authorized to be increased, are invalid, because this subject of an increase was not expressed in its title, which is "An act authorizing and directing the county commissioners of certain counties to reduce the compensation and number of officers and other employees," etc.

The title of the act of 1891 is "An act to reduce the compensation and fees paid officers and employees of the county of Ramsey," etc. No real distinction between the titles to these two acts can be pointed out, and if all of the provisions of Laws 1895, c. 301, under which the compensation of an officer can be increased are unconstitutional on the ground above stated, there is no escape from the conclusion that all of the provisions of Sp. Laws 1891, c. 440, under which the compensation of an officer might be increased, are open to the same objection. Both acts purport to be acts for the reduction of the compensation paid to or received by county officials. They are so entitled, but, under their provisions, the compensation of certain officers might be increased, instead of reduced. Under the 1891 statute, the compensation of this relator might be directly increased through the operation of the law itself; and it would be increased if 90 per cent. of the fees received in the office exceeded $3,000 per year after all assistants were paid; while under the 1895 statute the board of county commissioners might fix the compensation as high as $4,000. This would be an increase of $1,000 per year over the salary as prescribed in 1885, and it might be a decided increase over the compensation derived through fees under the act of 1891.

The validity of those parts of Sp. Laws 1891, c. 440, and of Laws 1895, c. 301, which relate to the compensation of relator, cannot be made to depend upon the amount of his percentage of the office fees in the one instance, or on the action of the board of county commissioners in the other. A law cannot be held constitutional

under certain circumstances, and held unconstitutional when the circumstances are different. It cannot be a valid law to-day, under the constitution, and be invalid to-morrow. Bowe v. City of St. Paul, 70 Minn. 341, 73 N. W. 184.

The statutes of 1885 placed the relator's salary at $3,000 per year. Under the pretense, according to the title of the act, of reducing his compensation, the statute of 1891 permitted it to be increased in an unlimited amount; and it is immaterial how this might be accomplished, whether by authorizing the retention of 90 per centum of the fees in lieu of a salary, and thus add to the sum received, or by raising the yearly salary by direct legislation.

The subject of Sp. Laws 1891, c. 440, as expressed in its title, was to reduce the compensation and fees paid to officers and employees of the county of Ramsey. The body of the chapter permitted and authorized what might prove to be an increase of the relator's compensation, and to this extent it contravened and was in direct violation of section 27, art. 4, of our fundamental law, namely:

"No law shall embrace more than one subject, which shall be expressed in its title."

To this extent the title was misleading, and the act in question unconstitutional. And the provisions of Laws 1895, c. 301, relating to the compensation of the abstract clerk, are opposed to said section 27, for the same reason. The result is that the relator is entitled to his salary as fixed by Sp. Laws 1885, c. 94, § 3.

Order affirmed.