STATE ex rel. JOHN WAGENER v. DENNIS M. SULLIVAN.

July 15, 1898.

Nos. 11,250—(261).

Sheriff of Ramsey County—Compensation—Laws 1895, c. 301, Invalid.

Held, that under the provisions of Laws 1895, c. 301, the compensation of the sheriff of Ramsey county, and of his deputy, might be increased

by substituting salaries in lieu of the fee system theretofore in force; and for that reason such provisions are invalid on the grounds stated in Simard v. Sullivan, 71 Minn. 517, and in State ex rel. Bazille v. Sullivan, supra, page 378.

#### Same—Title of Act—Subject of Act Must Correspond with Title.

Where the subject of legislation as expressed in the title of an act is the reduction of the compensation to be paid public officers, the body of the act must correspond. It must not be constructed so as to permit or authorize, under any circumstances, an increase of such compensation.

Mandamus against defendant, as county auditor of Ramsey county, directing him to issue his warrant to relator, as sheriff of said county, for the payment to one Joseph H. Jansen for services as deputy sheriff while in attendance on the district court for that county during the month of December, 1897. From an order of that court, O. B. Lewis, J., granting a peremptory writ, respondent appealed. Affirmed.

*Samuel A. Anderson,* for appellant.

*C. D. & T. D. O'Brien,* for respondent.

COLLINS, J.

This is one of the apparently never-to-be-ended series of cases arising out of the enactment of Laws 1895, c. 301, entitled "An act authorizing and directing the county commissioners of certain counties to reduce the compensation and number of officers and other employees of such counties," etc.,—an act which we have had occasion to examine, discuss and construe in Bowe v. City of St. Paul, 70 Minn. 341, 73 N. W. 184; Simard v. Sullivan, 71 Minn. 517, 74 N. W. 280; State ex rel. Anderson v. Sullivan, 72 Minn. 126, 75 N. W. 8; and very recently in State ex rel. Bazille v. Sullivan, supra, page 378.

It is conceded that, prior to the passage of chapter 301, the fees of the relator sheriff and of his deputies were fixed, and he and they were fee officers by virtue of Sp. Laws 1887, c. 363, § 7, as the section was amended by Sp. Laws 1891, c. 426. Under these laws, these officials received no compensation except through fees for services, all thereof being retained and no part thereof going into the county treasury. Of course these fees might be more or less than any specified reasonable sum. By the provisions of the 1895

act, the county commissioners were authorized to fix the compensation of every county officer, and of each deputy or assistant; this compensation to be paid out of the county treasury, and to be in lieu of salary or other payment for official services. While there was no express provision of the law requiring officers occupying fee offices to return such fees to the county treasury, we assume the provision might be implied. A limit was placed on the amount to be fixed as compensation. No officer was to be paid a sum in excess of $4,000 per year, and no deputy or assistant officer was to receive to exceed $1,500 per year. This provision authorized the commissioners to increase the compensation of any officer who had previously received less than $4,000 per annum, either as fees paid by those for whom he performed services, or as salary paid directly out of the county treasury; and it also authorized an increase of compensation to all deputies or assistants who had before received less than $1,500 per annum; this under a pretense, according to the title of the act, of reducing the compensation of all county officers.

In the Simard case we held all provisions of this statute which authorized an increase of the salaries or compensation of any county officer to be repugnant to section 27, art. 4, of the state constitution, because the subject of those provisions was not expressed in the title. The subject expressed was in direct conflict with them. In that case the compensation of the county surveyor, which under a prior statute had been placed at $4 per day, and which under the 1895 act had been more than doubled, was in controversy. The position therein taken was affirmed in the case of State ex rel. Anderson v. Sullivan. In State ex rel. Bazille v. Sullivan, certain sections of Sp. Laws 1891, c. 440, were more directly involved than were any of the provisions of the statute of 1895. But there is no substantial difference in the titles of these two acts, for both purported to have for their object a reduction of the compensation paid to county officers; and there is no substantial difference in some of the provisions found in these statutes, for, under either or both, the compensation of certain officers might be increased, through a retention of all or of a percentage of the office fees

under one, and through the action of the county commissioners when prescribing the compensation or salary under the other.

All that was said as to the unconstitutionality of the law of 1891 in the Bazille case is pertinent and in point here. There the question arose out of a law which took away the salary of an abstract clerk fixed at $3,000 per year, and put his compensation on a fee basis, to wit, 90 per cent. of the fees received. Here the question at issue arises out of a law under which a sheriff and a deputy sheriff are to be deprived of compensation obtained through fees, and, instead thereof, salaries substituted, the amount of such salaries to be fixed by the county commissioners, and which might be fixed at more than the compensation previously received under the fee system. We held in that case that under the title of the act of 1891, as well as under that of the act of 1895, all provisions in each of these laws which permitted or authorized or under which the compensation of any officer might be increased, directly or indirectly, were and are repugnant to section 27, supra, of the state constitution. Where the subject of legislation as expressed in the title of an act is the reduction of compensation to be paid public officers, the body of the act must correspond. It must not be constructed so as to permit or authorize, under any circumstances, an increase of such compensation. Our conclusion is that in so far as the provisions of Laws 1895, c. 301, apply to the sheriff or to his deputy, they are invalid.

Order affirmed.