# GEORGE H. GARD v. COUNTY OF OTTER TAIL.[1]

December 26, 1913.

Nos. 18,273—(166).

**Title of act.**

1. The title to chapter 250, Laws 1911, *held* to sufficiently comply with the constitutional requirement that no law shall embrace more than one subject which shall be expressed in its title.

**Special law not amended.**

2. Section 4 of the act, providing for compensation of clerks of the district court of certain counties for the duties thereby imposed, *held* not to extend or amend chapter 423, Sp. Laws 1891, fixing the compensation of the clerk of the district court of Otter Tail county.

**Classification of counties reasonable.**

3. Section 5 of the act excludes from the operation of section 4 all counties having a population of 100,000. It is *held* that the classification is not arbitrary or unreasonable, on the contrary has reasonable basis for its support, and therefore not a violation of the provisions of the Constitution prohibiting special legislation.

Action in the district court for Otter Tail county to recover $2,-437.10 for services rendered by the clerk of the district court of that county. From an order, Roeser, J., overruling defendant's demurrer to the complaint, it appealed. Affirmed.

*Anton Thompson,* for appellant.

*N. F. Field,* for respondent.

BROWN, C. J.

This action was brought to recover fees alleged to be due plaintiff as clerk of the district court of Otter Tail county for services rendered under the provisions of section 4, of chapter 250, p. 348, Laws 1911. A general demurrer to the complaint was overruled, and defendant appealed.

[1] Reported in 144 N. W. 748.

The sole question presented is the validity of the statute referred to, it being admitted by the demurrer that the services for which recovery is sought were rendered as alleged in the complaint, the compensation whereof is fixed by the statute.

Defendant contends that the statute is unconstitutional and void for the reasons: (1) That it is an attempt by the legislature to enlarge and extend a special law by general enactment, in violation of the last clause of section 33, art. 4, of the Constitution; (2) that the title of the act is not in conformity with section 27, art. 4, of the Constitution, wherein it is provided that no law shall embrace more than one subject which shall be expressed in its title; and (3) that it violates sections 33 and 34 of article 4, in that it is special and not general in its application. We are unable to sustain either of these contentions.

1. The statute was intended to provide for the collection of vital statistics, and for the making and preservation of a permanent record of the same. It provides that such record be prepared by the state board of health, and also by the clerk of the district court. Section 4 imposes upon the clerk of the district court of each county the duty of indexing "all the records of births and deaths now in their offices and which have not been indexed," and for such service that the county shall pay the sum of five cents for each name so indexed. The title of the act is

"An act regulating the collection, indexing, preservation and use as evidence, of vital statistics."

The point made is that the duties imposed upon the clerk of the district court, and the compensation provided for, found in section 4, are not embraced within nor expressed by the title and, therefore, that this section of the statute must fall. We have no difficulty in sustaining the sufficiency of this title. It is comprehensive, and the several sections of the act are in complete harmony with the information thus conveyed. The provisions of section 4 are in no proper sense foreign to the general scope of the statute, on the contrary are entirely pertinent to the general subject-matter of the act. The title expresses the subject of the statute as one providing for the "collection, indexing and preservation" of vital statistics, and section

4 deals with the subject of indexing such statistics. It is clearly sufficient. 3 Dunnell, Minn. Dig. § 8906.

2. The second contention is that the statute, in so far as it may
apply to Otter Tail county, is in effect an enlargement and extension
of a special law, and therefore invalid under the last clause of section 33 of article 4 of the Constitution, wherein it is provided that
"the legislature may repeal any existing special or local law, but
shall not amend, extend or modify any of the same." This point is
founded on the fact that by chapter 423, Sp. Laws 1891, the compensation of the clerk of the district court of Otter Tail county is fixed
at the sum of $1,500 per year, and the contention is that the statute
in question enlarges that compensation by providing for a fee of five
cents for each name indexed by him as required by section 4, hence
that it is a modification of the prior special law. The contention is
not sustained. The statute imposes upon the clerk an additional
duty, one temporary in its nature, namely, the indexing of vital statistics not theretofore indexed, for which the compensation is provided. In other words, it was the purpose of the legislature to provide a
complete record of births and deaths, and that for the purpose of
bringing the same up to date the clerk performing that duty should
be paid. After the completion of this particular work, for the service
of keeping the records from time to time, the clerk, reads the statute,
shall receive no "other compensation than the clerk's salary, or such
fees as is herein provided in counties where the clerk is not on a salary basis." We think, and so hold, that it was within the authority
of the legislature to provide for this additional compensation for the
extra labor imposed upon the clerk and that it cannot be held that
the special salary act relating to Otter Tail county was thereby modified or extended. That act remains undisturbed, the compensation
provided being for the additional temporary work imposed upon the
officer. The situation might be different, had provision been made for
the continuation of the indexing fee. But it does not continue, on the
contrary ceases when the index is brought up to date by including
therein names not theretofore recorded.

3. Section 5 of the act provides that section 4 shall not apply to
counties having a population of over 100,000. It is contended that

this is an improper classification, and a violation of the constitutional prohibition against special legislation.   The effect of this provision was to exclude from the operation of section 4, the section under which plaintiff claims compensation, the counties of Hennepin, Ramsey and St. Louis, and the question presented is whether the exclusion of those counties was proper under the legislative power of classification for the purposes of general legislation.   There can be no doubt of the right of the legislature to classify counties for this purpose, when there exists some substantial reason or basis therefor, having in mind the subject-matter of particular enactments.   State v. Sullivan, 72 Minn. 126, 75 N. W. 8; State v. Westfall, 85 Minn. 437, 89 N. W. 175, 59 L.R.A. 297, 89 Am. St. 571; 4 Notes on Minn. Reports, 881. If the classification is merely arbitrary, without reasonable basis for its support, the statute must, of course, fall.   And in this case if it were clear that the legislature intended that the index records provided for by section 4 should be made only in the counties outside of those mentioned, the legislation would not meet the requirements of the Constitution.   But there can be no doubt that the legislature in making this exception did not so intend.   On the contrary, it is clear that the exception was made because of the fact that other methods and compensation were expressly provided for by prior statutes made applicable solely to the large and populous counties named, and they were evidently excluded from the operation of section 4, to the end that the provisions of other statutes for the collection and preservation of vital statistics, and the compensation therefor might not be disturbed, or confusion thrown about the important subject by conflicting provisions of the law upon the same subject.   In this view the classification was entirely proper.   Section 2141, R. L. 1905, expressly provides that the clerk of the district court in counties having a city of over 100,000 population should receive no compensation for any of the duties imposed by the statute in connection with births and deaths within such city.   That section was re-enacted in 1909, with some changes, but without modification of the provision just referred to.   Chapter 23, p. 26, Laws 1909.   And though the city of Duluth, St. Louis county, does not contain a population of over 100,000, the county does, and no doubt that county was included in the exception

for reasons similar to those justifying the exclusion of Ramsey and Hennepin counties. It is clear therefore that the classification was not an arbitrary one, and the rule laid down in Murray v. Board of Co. Commrs. of Ramsey County, 81 Minn. 359, 84 N. W. 103, 51 L.R.A. 828, 83 Am. St. 379, does not apply.

Order affirmed.