NICK WEBER and others *vs.* ANTHONY J. TIMLIN and others.

July 25, 1887.

**Injunction — Election for Removal of County-Seat.**— An injunction will not lie to restrain county commissioners from ordering an election for the removal of a county-seat, for the statute providing a mode for contesting elections furnishes a full remedy.

The plaintiffs, tax-payers of Murray county, brought this action in the district court for that county, to restrain the defendants, who are the county officers of the county, from taking proceedings for the holding of an election for the removal of the county-seat, in accordance with the provisions of Laws 1885, *c.* 272.   The defendants appeal from an order by *Perkins,* J., overruling a demurrer to the complaint.

*Daniel Rohrer* and *Warner & Lawrence,* for appellants.

*H. C. Grass, B. H. Whitney,* and *John Lind,* for respondents.

GILFILLAN, C. J.[1]   The main question in this case—the only one that the parties are particularly interested in having decided—is disposed of in the case of *Nichols* v. *Walter, ante,* p. 264, the opinion in which is filed at the same time with this.   But although the act of the legislature under which the defendants, as county commissioners, are charged by the complaint with being about to order an election or a removal of the county-seat, is invalid, yet the complaint does not make a case for an injunction, for the statute providing a mode for contesting elections furnishes a full remedy should the election be held.   The order will be reversed, without costs.

Order reversed.

[1] Berry, J., because of illness, took no part in this case.