ROBERT H. GRAHAM *vs.* CITY OF MINNEAPOLIS and others.

## May 7, 1889.

**Demurrer—Defect of Parties.**—A demurrer for defect of parties *held* properly sustained, where the complaint shows on its face that a third party named owns the claim the payment of which by the defendant the plaintiff seeks to enjoin

Appeal by plaintiff from an order of the district court for Hennepin county, *Rea*, J., presiding, sustaining a demurrer to the complaint, in an action against the city, its mayor, clerk, comptroller and treasurer.

*Corrigan & Bradish,* for appellant.

*Robert D. Russell,* for respondents.

VANDERBURGH, J.[1]  One of the grounds of the demurrer to the complaint is that there is a defect of parties defendant, and it was sustained by the trial court on that ground. The complaint shows that a certificate of indebtedness, to the amount of $1,000, being for money advanced for grading certain streets in the Ninth ward of the city, was issued by the treasurer and countersigned by the comptroller, in pursuance of certain resolutions of the city council, and this certificate or obligation is now held by one De Motte as a claim against the city, to be charged in account against the Ninth ward funds. The plaintiff alleges that on the 10th day of September, 1887, the certificate was, for value received, assigned to De Motte, and that he is now the owner and holder thereof, and the same is wholly unpaid; and, by reason of the further allegations appearing in the complaint, he insists that the claim is invalid, and asks the equitable aid of the court in restraining and enjoining the city from taking any steps to provide for the payment of the same.

The objection on the ground of defect of parties is required by the statute to be taken by demurrer or answer, and is preliminary to a trial on the merits, to the end that all the parties whose presence is necessary to a complete and final determination of the controversy may be brought in. *Wallace* v. *Eaton,* 5 How. Pr. 99. In equity practice, before the Code, the general rule was that you must have before the court all whose interests the decree may touch, because they are concerned to resist the demand, and in order to avoid the necessity of trying the case in halves. *Wiser* v. *Blachly,* 1 John. Ch. 437. And "the decree should settle the rights of all parties interested in the subject-matter of the suit, so that the performance of the decree may be perfectly safe to those who are compelled to obey it, and also that future litigation may be prevented." Story, Eq. Pl. § 72. In this case it is clear that De Motte is specially interested in the controversy touching the validity of the claim, and is entitled to be heard upon that matter. And the defendant is also interested in be-

[1] Gilfillan, C. J., was absent, and took no part in this decision.

ing protected from future litigation.    But a judgment against it alone would not bind De Motte or end the controversy.    *Fish* v. *Berkey*, 10 Minn. 161, (199, 204.)    The case is within the rule.    The objection was well taken, and the demurrer properly sustained.

Order affirmed.