### LEWELLYN COBB *vs.* ANDREW BORD.

### May 20, 1889.

**Constitution—Class Legislation—Statute of Limitation.**—Section 1, *c.* 52, Laws 1871, was not (either in the body of the section or the proviso) obnoxious to the objection that it was partial or class legislation, and it was therefore valid.

Appeal by plaintiff from a judgment of the district court for Hennepin county, where the action (brought to determine defendant's adverse claim to land in Minneapolis) was tried by *Hicks*, J. The court found the first attempted foreclosure was void because of the defect mentioned in the opinion, and because the notice of sale was published only 41 days.

*Stringer & Seymour, R. B. Forrest,* and *Charles W. Thomas,* for appellant.

*Jackson, Atwater & Hill,* for respondent.

GILFILLAN, C. J. In 1857, one F. H. Cobb, then the owner of the land in controversy, executed to one Hall a mortgage thereon, to secure his promissory note to the mortgagee, which mortgage had the usual power of sale, and was duly recorded. Afterwards Hall executed to one Martin a power of attorney to do certain things for him, which was duly recorded. The power did not authorize Martin to assign this mortgage, but he had, otherwise than by this power, authority from Hall to sell the note and debt and assign the mortgage. Thereupon Martin sold the note and debt to one Stephen Cobb, and

executed in the name of Hall an assignment of the mortgage to said Cobb, which assignment was duly recorded, and the latter afterwards executed an assignment of the mortgage to one Morse, which was duly recorded. After all these things, Morse, in 1860, default having been made in the conditions of the mortgage, attempted to foreclose by advertisement and sale under the power, and at the sale became the purchaser. In 1871 said Hall executed to said Morse an assignment in writing of said mortgage, which was duly recorded. Thereupon, in 1872, Morse foreclosed the mortgage under the power, and became the purchaser at the sale, and received the proper certificate. The proceedings upon this latter foreclosure were regularly conducted, and there was no redemption. Defendant claims under Morse; the plaintiff under F. H. Cobb, by conveyance subsequent to said mortgage.

The first attempt to foreclose is conceded to have been void. The second is conceded to have been valid, unless the right to foreclose was, at the time it was made, barred by the statute. The statute which plaintiff claims was in force and barred the foreclosure was chapter 52, Laws 1871, amending Gen. St. 1866, c. 81, § 1, so as to read: "Section 1. Every mortgage of real estate containing therein a power of sale, upon default being made in any condition of such mortgage, may be foreclosed by advertisement within ten years after the maturity of such mortgage on the debt secured thereby, in the cases and in the manner hereinafter specified: *provided*, that mortgages that have been foreclosed, or where an attempt has been made to foreclose the same, by publication of notice of sale of said mortgages, are hereby exempted from the operation of this act." The appellant urges that the proviso comes within what is termed partial or class legislation, and is therefore void, while the remainder of the act is valid. The respondent urges—*First*, the proviso is not class legislation; *second*, if it be void for that reason, then the whole act falls with it.

It is apparent that, if the appellant is right, the right to foreclose this mortgage under the power was barred before the second foreclosure, and consequently that foreclosure was void. If the respondent is right as to either of his propositions, or if he is right in the

first, and this mortgage came within the meaning of the proviso, then the second foreclosure was in time and was valid. A void attempt to foreclose under the power does not affect the mortgage, nor the right of the mortgagee to proceed and foreclose anew, just as though the void attempt had not been made. *Bottineau* v. *Ætna Life Ins. Co.*, 31 Minn. 125, (16 N. W. Rep. 849.) It must be supposed that the proviso in the act was intended to exempt from its operation cases that would otherwise come within it. To insert the proviso for the purpose of excluding from the general terms of the act cases that could not possibly come within those terms, would be useless and absurd, and we must not, if it can be avoided, attribute to the legislature an intent to make a useless and absurd enactment. Mortgages which had already been foreclosed, or, what is the same thing, those where an attempt to foreclose had resulted in a valid foreclosure, could not come within the general terms of the act; and, although the language of the proviso is ambiguous and not well chosen, it must be assumed that such were not the cases intended by it. In the early history of the territory and state, cases in which attempts to foreclose had failed to effect valid foreclosures were numerous,— cases in which, notwithstanding such abortive attempts, the powers of sale still existed, so that foreclosures could be made under them. Those intended by the proviso were cases of that character.

Now, a statute limiting the time for foreclosing under powers cannot be charged with making an arbitrary classification merely because it places in one class mortgages in the predicament we have described, and in another class those as to which there has been no attempt to foreclose. For the purpose of applying rules to different subjects, the legislature cannot adopt a mere arbitrary classification. It is sometimes difficult for a court to say whether a classification adopted by the legislature is or is not arbitrary. That there is a difference between the cases included within a provision of law and those excluded—a difference sufficient to distinguish the one from the other —will not justify applying different rules to them. As said in *State* v. *Hammer*, 42 N. J. Law, 435, 440, "the true principle requires something more than a mere designation by such characteristics as will serve to classify." What will justify placing subjects in different

classes for the purpose of applying different rules of law to them was stated in *Nichols* v. *Walter,* 37 Minn. 264, 272, (33 N. W. Rep. 800:) "The true practical limitation of the legislative power to classify is that the classification shall be upon some apparent natural reason,— some reason suggested by necessity, by such a difference in the situation and circumstances of the subjects placed in different classes as suggests the necessity or propriety of different legislation with respect to them." To illustrate this, suppose this proviso had exempted from the operation of the act only mortgages which contained the covenant of warranty, or those cases in which the attempt to foreclose had been by notice published in Democratic newspapers, or in Republican newspapers, or in weekly newspapers, or in daily newspapers. It would be apparent at once that such was a mere arbitrary classification,— one based on characteristics not suggesting the propriety of applying a different rule in respect to the time within which the power of sale must be exercised. In case of mortgages where no attempt had been made to foreclose, the holders would know that if not paid they must, in order to save their claims, foreclose within the time prescribed by law. If they should fail to foreclose, they would do so with their eyes open. In the case of mortgages attempts to foreclose which had been made and proceeded so far as an actual sale, (and the proviso cannot be held to refer to any attempts that had not gone so far as that,) but which attempts were null, so that the right to foreclose under the power remained, the holders might be resting, not on the right to foreclose, but on the belief that they had effected foreclosure, and obtained all that they were entitled to under their mortgages. Relying on that belief, they would not know that an act limiting the time within which foreclosures under powers must be made applied to them, and they might not ascertain the invalidity of their attempts to foreclose, and that it was necessary for them to resort to foreclosure, till the time limited by the act had passed. This consideration was certainly sufficient to suggest the propriety of applying to such cases a rule as to time for foreclosing different from the general rule. The majority of the court are of opinion that there was sufficient difference between cases where abortive attempts to foreclose by advertisement had been made and those where similar attempts to foreclose

by action had been made to justify the legislature, when prescribing a time to foreclose by advertisement, in excepting the former, and not the latter, from the general rule prescribed. There can be no question that the present case came within the meaning of the proviso. The owner of the mortgage made an attempt, manifestly *bona fide,* to foreclose it by advertisement, and undoubtedly believed he had made a valid foreclosure when indeed he had not. It was just such cases that the proviso had in view.

Judgment affirmed.