WILLIAM P. TODD *vs.* O. A. RUSTAD, County Auditor, and others.

June 20, 1890.

**Removal of County-Seat—Contest—Procedure.**—The statute (Gen. St. 1878, *c.* 1, § 55) has provided a summary and adequate mode of procedure for contesting the validity and regularity of the proceedings instituted and carried on for the removal of county-seats.

**Same—Proceeding under Void Act—Injunction.**—But an action for a permanent injunction restraining the removal of the county offices, and the erection of public buildings, may be maintained by citizens and taxpayers where there is an entire absence of legal authority to initiate the proceedings for the removal of a county-seat, as where they are taken under an unconstitutional law.

**Same—Act Held Valid.**—Laws 1889, *c.* 174, *held* constitutional.

**Same—Injunction Properly Dissolved.**—The dissolution of the temporary injunction issued in this action *held* sustained by the evidence before the trial court.

Appeal by plaintiff from an order of the district court for Traverse county, *C. L. Brown*, J., presiding, dissolving an injunction.

*John S. Noble, A. S. Crossfield,* and *Cole, Bramhall & Morris,* for appellant.

*John I. Place, Henry Johns,* and *J. W. Reynolds,* for respondents.

VANDERBURGH, J. Upon the complaint and affidavit of the plaintiff in this action, an injunction was issued restraining the defendants, county officers of the county of Traverse, from removing the offices, records, and other property of the county from Brown's Val-

ley, heretofore the county-seat of that county, to Wheaton, in the same county. It is alleged in the complaint that proceedings for the removal of the county-seat to Wheaton had been taken under Laws 1889, *c.* 174, and that, after petition and vote of the electors upon the question, the county commissioners of the county were about to declare the county-seat removed from Brown's Valley to Wheaton, and that the defendants, county officers, were threatening to remove their several offices to the latter place; and it is further alleged that plaintiff is a resident and freeholder of the county of Traverse, and has large property interests in Brown's Valley, and is specially and pecuniarily interested in the retention of the county-seat at that place, and would be greatly damaged by its removal; and it is also averred and claimed that the proceedings were irregular, and not in conformity with the statute, and also that the act of 1889 is unconstitutional and void, and "that there is now pending in the courts of this state an action relative to the removal of said county-seat from the village of Brown's Valley." The relief asked in the complaint was for a permanent injunction, restraining the defendants and their successors in office from removing the records and property of the county from Brown's Valley. Thereafter the defendants, upon affidavit denying the alleged irregularities in the proceedings for the removal of the county-seat, and showing them to be in all respects in conformity with the act referred to, and showing that, upon the special election held, in pursuance of that act, to determine the question of the removal of the county-seat, 740 legal voters voted for the change, and 199 voted against it, moved for a dissolution of the temporary injunction, and the court granted the motion; and from its order dissolving it the plaintiff appeals to this court.

1. As respects proceedings instituted and carried on for the removal of county-seats, the statute has provided a summary and adequate mode of procedure for contesting their regularity and validity. The county officials and the public generally may assume that there will be no contest involving such questions unless the same is instituted within 30 days after the vote is declared. The courts will not, therefore, entertain an independent action for a permanent injunction, the determination of which must necessarily involve the investigation and

trial of questions which would be properly investigated and finally disposed of in a statutory contest. That would be equivalent to allowing a contest to be made by suit independently of the statute.

2. An action for a permanent injunction restraining the removal of a county-seat, or the expenditure of public funds, or the creation, unlawfully, of public indebtedness for the erection of county buildings, may, however, be maintained on the ground of an entire absence of legal authority to do the acts complained of, as where the proceedings threatened are under a statute which is unconstitutional, and are wholly unauthorized and void. We see no reason why a citizen and tax-payer should not in such case have the same right to his remedy by injunction, in a proper case, to restrain the unlawful removal of the county offices as to his remedy by *mandamus* to compel their restoration to the county-seat. *State* v. *Weld*, 39 Minn. 426, (40 N. W. Rep. 561;) 2 High, Inj. § 1321.

3. The point is made by the plaintiff that the act of 1889 is unconstitutional, and the relief asked is in part predicated on that ground; but it is not specially argued, and, in so far as our attention is drawn to the subject by the suggestions of counsel, the objection does not seem to us to be well taken. The act appears to have been so drawn as to meet the objections to the act of 1885, (*c.* 272,) which were considered in *Nichols* v. *Walter*, 37 Minn. 264, (33 N. W. Rep. 800.) The further objection that the act confers judicial power upon the county commissioners is answered in *State* v. *Ueland*, 30 Minn. 29, (14 N. W. Rep. 58;) and the authority conferred by the amendment to the constitution requiring that the legislature shall make provision for changing county-seats gives the legislature full control over the subject, and so abrogates the previously existing provision requiring the question to be submitted at a general election. *Nichols* v. *Walter, supra.*

4. Conceding for the purposes of this case, but without considering or deciding the point, that the removal of the county offices might, upon a proper showing, be restrained during the pendency of a statutory contest regularly instituted, still, in the absence of any statutory direction on the subject, it must be deemed a matter resting in the sound judicial discretion of the court in which the contest is pend-

ing. But in this case it is not shown that such contest had been instituted. It is alleged only that an action relative to the removal of the county-seat is pending, and there was clearly no abuse of discretion on the part of the court in dissolving the temporary injunction in this case, upon the affidavit of the defendants above referred to.

Order affirmed.