THEODORE STREISSGUTH v. JOHN GEIB and Others.[1]

February 2, 1897.

Nos. 10,234—(226).

**Change of County Seat—Competing Petition.**
> Where a petition for the change of a county seat, in due form and in fact containing the required number of signatures, has been presented, no competing petition can be received or acted on until an election has been held on the first petition, and until the expiration of five years thereafter, or until it has been withdrawn without an election.

**Same—Injunction.**
> Injunction will lie to prevent unauthorized action by the board of county commissioners and county auditor on such second petition.

Appeal by defendants from an order of the district court for Sibley county, Cadwell, J., denying a motion to dissolve an injunction. Affirmed.

*Geo. A. McKenzie* and *Somerville & Olsen*, for appellants.

*McClelland & Tifft*, *John Lind*, and *P. A. Cosgrove*, for respondent.

[1] Reported in 69 N. W. 1097.

MITCHELL, J. In December, 1895, pursuant to Laws 1889, c. 174,[2] a petition (in due form and signed by the required number of legal voters) for the change of the county seat of Sibley county to the village of Arlington was presented to and filed with the county auditor. When the board of county commissioners met, in January, 1896, to act on this petition, as provided by section 2 of the statute referred to,[3] they erroneously and unlawfully struck off the names of 144 persons, which left less than the required number of signers on the petition. In mandamus proceedings against the board judgment was rendered, in March, 1896, requiring them to reconvene, count the names thus unlawfully stricken off, and file a new certificate. From this judgment the board appealed, and this appeal was pending when this action was brought, but the judgment has since been affirmed. State v. Geib, 66 Minn. 266, 68 N. W. 1081. In April, 1896, and while this appeal was pending, another petition was presented to the county auditor, praying for the change of the county seat to the village of Gaylord. Pursuant to notice given by the county auditor, the board of county commissioners met April 21, 1896, and were about to take action on this petition, and file their certificate of the number of signatures lawfully attached, upon which, when made, the county auditor threatened to fix a time for holding an election thereon. Thereupon the plaintiff brought this action to enjoin the board and the auditor from taking such proposed action.

The statute provides that a petition for the change of county seat must be signed by legal voters to a number equal to not less than 60 per cent. of the whole number voting at the last general election.[4] There could not well be two competing petitions of this kind at the same time. The statute further provides, where a special election has been held for the change of a county seat, no petition for a change shall be received and filed, and no proceedings had upon such petition, until the expiration of five years from the date of such special election; also, that no special election shall be called for voting upon the question of changing any county seat to more than one place at the same time.[5] It is clear, from these provisions, that when a petition in due form, and in fact containing the signatures

2 G. S. 1894, §§ 647–656.   4 G. S. 1894, § 647.
3 G. S. 1894, § 648.   5 G. S. 1894, § 651.

of the required number of voters, is presented, it has the exclusive right of way, and no other petition can be received or acted on until an election is held upon it, and until the expiration of five years thereafter, or until it has been withdrawn without an election; also, that the board of county commissioners cannot prevent or change this result by unlawfully striking names from the first petition, or by delaying an election upon it by taking an appeal. Upon the facts alleged as above in the complaint, the board of county commissioners had no authority to take action on this second petition; neither would the county auditor have any authority to call an election on any certificate which the board might file. Injunction will lie to prevent such proposed illegal action. Todd v. Rustad, 43 Minn. 500, 46 N. W. 73.

Order affirmed.