## PAUL J. MARWIN v. BOARD OF AUDITORIUM COMMISSIONERS AND OTHERS.[1]

June 14, 1918.

No. 20,944.

**Act invalid..**

> Laws 1917, c. 340, creating an auditorium commission in cities of the first class not operating under a home rule charter, the members of which were to qualify within 90 days after the approval of the act, *held* to be limited to cities existing at the time and not to include those subsequently coming into the class, and therefore unconstitutional within Const. art. 4, §§ 33, 34.

Action in the district court for Hennepin county against the Board of Auditorium Commissioners and the individual members thereof, to restrain them from issuing or selling their bonds under chapter 340, Laws 1917, on the ground that the statute was unconstitutional. Defendants' demurrer to the complaint was overruled, Molyneaux, J. From an order granting plaintiff's motion for an injunction, defendants appealed. Affirmed.

*A. B. Darelius,* for appellants.
*Paul J. Marwin,* pro se.

DIBELL, C.

The defendants appeal from an order enjoining them from issuing bonds for the construction of an auditorium in Minneapolis upon the ground that the statute under which they are acting is unconstitutional.

[1]Reported in 168 N. W. 17.

The only question necessary to consider is the constitutionality of Laws 1917, p. 475, c. 340, approved April 17, 1917. The plaintiff claims that the statute is unconstitutional because special legislation within Const. art. 4, §§ 33, 34.

Section 1 of the act provides that "in any city of this state having a population of more than 50,000 inhabitants, not operating under a home rule charter, there is hereby created a commission for the purpose of acquiring the necessary land," etc. Section 2 provides that the board shall consist of the mayor and the president of the city council or the governing body of the city, and three freeholders of the city to be appointed by the mayor. Section 3 provides that "such commissioners shall, as soon as practicable within ninety days after the passage of this act, meet at the court house in such city and each one of said commissioners shall take an oath before one of the judges of the district court of the county in which said city is located," etc.

The Constitution, art. 4, § 36, in the section giving cities authority to adopt home rule charters, authorizes a classification of cities by population for purposes of general legislation, and pursuant to such authority the legislature made four classes of cities, those having more than 50,000 inhabitants being of the first class. G. S. 1913, § 1339. There are three cities within that class, Minneapolis, St. Paul and Duluth. Minneapolis does not have a home rule charter. St. Paul and Duluth have home rule charters. The result is that Minneapolis is the only city to which the act creating an auditorium commission applies.

That the act can in fact apply only to Minneapolis is not a constitutional objection if the basis of classification is proper. State v. Sullivan, 72 Minn. 126, 75 N. W. 8. Nor is it claimed, if we get the plaintiff's contention, that the statute is based upon an improper classification because limited to cities of the first class and to those of that class not having home rule charters. See Hunter v. City of Tracy, 104 Minn. 378, 116 N. W. 922. His contention is that the act is not uniform in its operation because it fixes a class into which other cities answering to its definition cannot come; in other words, that other cities, hereafter coming into existence as cities of the first class and having the qualifications which put Minneapolis in that class, are not within the class. It is well settled that a statute, to avoid being special, must be so framed

as to include new members as they come into existence and must not be limited to the members of the class at the time of its enactment. See Dunnell, Minn. Dig. & 1916 Supp. § 1683; State v. Village of Gilbert, 127 Minn. 452, 149 N. W. 951; Alexander v. City of Duluth, 77 Minn. 445, 80 N. W. 623; State v. Ritt, 76 Minn. 531, 79 N. W. 535; State v Cooley, 56 Minn. 540, 58 N. W. 150; Nichols v. Walter, 37 Minn. 264, 33 N. W. 800. The case of State v. Erickson, infra, page 509, 167 N. W. 734, is a recent and striking illustration. We think the plaintiff's contention should be sustained.

The statute purports to create immediately in every city having a population of more than 50,000, and not operating under a home rule charter, and without reference to such other cities coming into existence and into the class defined, an auditorium commission. "In any city of this state having a population of more than 50,000 inhabitants, not operating under a home rule charter, there is hereby created a commission," etc., are the words. The language is not controlling but of some significance in connection with the context. The commissioners are to meet and qualify "within ninety days after the passage of this act." The act provides for no commission whose members cannot qualify within such time. The commissioners must qualify within a time fixed by the date of the enactment of the statute. No provision is made for a commission to come into existence later. For future cities of the class there is no auditorium commission. This is a fair construction of the act as a whole. We should not be understood as holding that if the act were constitutional the provision for the qualification of the commissioners within 90 days would be mandatory so that without such qualification the act would not be effective. That is not our question. The statute as framed, giving fair import to the language used, is limited to those cities at the time of its enactment within the class which it defines and does not apply to those thereafter coming into the class. We hold it special legislation prohibited by Const. art. 4, §§ 33, 34.

Order affirmed.