STATE EX REL. COUNTY OF HENNEPIN v. AL. P. ERICKSON.[1]

November 7, 1924.

No. 24,527.

**Board of Tax Levy of Hennepin county.**

1. The board of tax levy of Hennepin county, created by chapter 338, Sp. Laws of 1879, as amended, is a duly constituted and functioning body, possessing the powers given it by the 1879 act.

[1]Reported in 200 N. W. 813.

**Special act of 1879 not wholly repealed.**

2. Chapter 338, Sp. Laws of 1879, as amended, was not wholly repealed by chapter 252, Laws 1919, nor is it in contravention of the Constitution.

**Act of 1923 unconstitutional.**

3. Chapter 231, Laws 1923, is so framed that no county in the state, other than Hennepin, could ever come within. its operation, and therefore violates the constitutional provisions against special legislation and is void.

From a judgment of the district court for Hennepin county, Montgomery, J., quashing the petition of relator and discharging an alternative writ of mandamus directed to the auditor of Hennepin county, relator appealed. Affirmed.

*Frank J. Williams,* Assistant County Attorney, for appellant.

*Nathan H. Chase,* for respondent.

QUINN, J.

Appeal from a judgment quashing the petition and discharging an alternative writ of mandamus. It appears from the petition that the county board of Hennepin county, at its July, 1924, meeting, adopted an itemized estimate of the revenue necessary for county purposes for the year 1925; that the amount of such estimate was $2,963,857, of which $610,000 was for the road and bridge fund; that, at the same meeting, the board estimated the miscellaneous receipts for the year at $430,200, leaving $2,533,657 to be raised by taxation and that the assessed value of the county was $319,908,935; that subsequently the board of tax levy of the county undertook to fix the maximum rate of taxation of that year, for all county purposes, at 7 mills on the dollar; that such rate would produce $294,294 less than the amount estimated by the county board; that in so doing the board of tax levy assumed to act under chapter 338, p. 447, Sp. Laws 1879 as amended by chapter 84, p. 253, Sp. Laws of 1885 and chapter 110, p. 704, Sp. Laws 1887 of the state of Minnesota; that the county auditor of Hennepin county refuses to extend a greater rate of taxation than 7 mills on

the dollar, and threatens to reduce, proportionately, all the items in the estimate of the county board, except the fixed charges, under the provisions of section 805, G. S. 1913, including the road and bridge fund. This, the relator contends, is in violation of chapter 231, p. 268, Laws 1923, which is as follows:

"Section 1. Board of tax levy not to reduce certain levies—That Chapter 145, Session Laws of 1919, as amended by Chapter 228, Session Laws of 1921, be and the same is hereby amended to read as follows:

"In all counties in this state now or hereafter having a population of 300,000 or more inhabitants where the maximum rate of taxation for county purposes is fixed by a board of tax levy, or other corresponding body, the annual estimate of the county board for the road and bridge fund of such county as filed with such board of tax levy, or other corresponding body, to an amount not exceeding two mills on the dollar of the taxable valuation of such county, shall be allowed in full, for the years 1923 and 1924, and shall be included in the tax levy and shall not for any reason be reduced, altered or amended.

"Section 2. All acts or parts of acts, whether general or special, inconsistent with the provisions of this act, are hereby repealed."

In its petition, the relator asked for a peremptory writ of mandamus compelling the respondent to extend, on the tax list for the year 1925, such a rate (7.92 mills) as will produce the amount of revenue estimated by the county board for that year, also compelling him to apportion, to the road and bridge fund, the full amount of $610,000, it being less than 2 mills on the assessed valuation of the county.

Chapter 338, p. 447, Sp. Laws 1879, as amended, was considered by this court in State v. Erickson, 157 Minn. 200, 195 N. W. 919, where it was held that the act was not indivisible, that the legislature could repeal it in part, that it had done so by enacting chapter 252, p. 250, Laws 1919, and that the latter did not contravene section 33, article 4, of the state Constitution. The holding there is adhered to here. There is no merit in the contention that

the act of 1879, as amended, was wholly repealed by chapter 252, p. 250, Laws 1919.

We come now to a consideration of the validity of chapter 231, p. 269, Laws 1923, which is as follows:

"Section 1. That Chapter 145, Session Laws of 1919, as amended by Chapter 228, Session Laws of 1921, be and the same is hereby amended to read as follows:

"In all counties in this state now or hereafter having a population of 300,000 or more inhabitants where the maximum rate of taxation for county purposes is fixed by a board of tax levy, or other corresponding body * * * to an amount not exceeding two mills on the dollar of the taxable valuation of such county, shall be allowed in full, for the years 1923 and 1924 and shall be included in the tax levy and shall not for any reason be reduced, altered or amended.

"Section 2. All acts or parts of acts, whether general or special, inconsistent with the provisions of this act, are hereby repealed.

"Approved April 12, 1923."

The court will take judicial notice of the results of a census taken under Federal or state authority. G. S. 1913, § 9412; 23 C. J. p. 161, and cases cited. Under the last Federal census, 1920, Hennepin county was the only county in the state having a population of over 300,000, Ramsey county being next in size with a population of little less than 245,000, as shown by the same census. Chapter 231, by its own provisions, could remain operative only until October, 1924, so that it could not possibly apply to any county in the state other than Hennepin.

An act, to avoid being special legislation, must be so framed as to include new members as they come into existence and not limited to the members of the class at the time of its enactment. Marwin v. Board of Aud. Commrs. 140 Minn. 346, 168 N. W. 17. The act under consideration was limited to Hennepin county alone and must be held to be special legislation. The case of Roe v. City of Duluth, 153 Minn. 68, 189 N. W. 429, is directly in point. In the

instant case no county, other than Hennepin, could ever get into the created class prior to the date the act ceased to be operative, namely, the first Tuesday in October, 1924, the time when the county auditor should transmit to the county board the maximum rate fixed by the county board of tax levy for the taxes of 1925.

Under the provisions of section 9412, G. S. 1913, the number of inhabitants of a municipality or other governmental subdivision, is definitely fixed by the last preceding state or Federal census, for the purposes here under consideration.

Appellant urges that the law creating the Board of Tax levy is in contravention of the provision of the Constitution for the election of all necessary county officials, and that this law transferred the ordinary and essential powers of county officers to persons elected by the inhabitants of a portion of the county, as officers of a smaller political unit, who are not elected as county officers. This contention is not to be entertained after this law has been in continuous operation, with the apparent consent of all the people in the county, for more than 40 years. This law has been sustained upon the theory that the law established a new quasimunicipal corporation in the form of a special taxing district. The law, being constitutional, did not become unconstitutional because the city was, in 1919, taken from its operation. A circumstance, worthy of consideration, is the fact that the legislature on three different occasions, has treated this law as a valid measure. Chapter 145, p. 143, Laws 1919; chapter 228, p. 279, Laws 1921, chapter 231, p. 269, Laws 1923. While attacking the validity of the original law, appellant seeks to uphold chapter 231, p. 269, Laws 1923, which, by its terms, could have no application in the absence of a board of tax levy. We are of the opinion that the argument, advanced by appellant on this branch of the case, should be rejected.

The board of tax levy of the county, as created and now constituted, under the 1879 act, as amended, is composed of the chairman of the board of county commissioners, the county auditor, president of the board of education of the city of Minneapolis, president of the park board of the city, mayor of the city, comptroller of the city, and the chairman of the ways and means com-

mittee of the city council. We see no trouble with the holding of the court below that the board of tax levy was a duly constituted and functioning body, clothed with the powers given it by chapter 338, as amended.

Judgment affirmed.