STATE EX REL. CLIFFORD L. HILTON, ATTORNEY
GENERAL v. INDEPENDENT SCHOOL DISTRICT
NO. 1, POLK COUNTY AND OTHERS.[1]

June 26, 1925.

No. 24,937.

**Act of 1925, fixing boundaries of school districts, invalid because special
legislation.**
    Chapter 134, L. 1925, fixing the boundaries of school districts in
certain cases, applicable only to existing school districts which are
made a class into which other districts cannot enter afterwards, is a
local or special law in the guise of a general one, and is unconstitutional under article 4, § 33, of the Constitution.

See Statutes, 36 Cyc. p. 1010.

Upon the relation of Common School District No. 251 and another
the supreme court granted its writ of quo warranto directed to respondent school district and others, commanding them to show by
what warrant they assumed to exercise jurisdiction over that part
of the district consisting of platted lands within the corporate limits
of the city of Crookston. Writ of ouster ordered.

*O'Brien & Sylvestre,* for relators.

*Vaule & Murphy,* for respondents.

DIBELL, J.

Writ of quo warranto issued by this court on the relation of the
attorney general to test the right of School District No. 1 in Polk
county to exercise jurisdiction over territory claimed to be within
School District No. 251.

The question involves the constitutional validity of L. 1925, p.
121, c. 134, which provides:

"That any platted territory heretofore annexed to and included
within the corporate limits of any city of the fourth class shall be

[1] Reported in 204 N. W. 572.

a part of the organized school district then existing within such city, provided that this act shall not affect any school district whose territory includes two or more villages or parts thereof."

Crookston is a city of the fourth class. The statute assumes to put into School District No. 1 certain platted property in Crookston which at the time of its enactment was in District No. 251.

Under Const. art. 4, § 33, the legislature may pass no local or special law "incorporating, erecting or changing the lines of  *  *  * any school district." It is enough to say that the statute is limited in its application to an existing class. No other district can come into it. It refers to "platted territory heretofore annexed to and included within the corporate limits of any city of the fourth class." The specific school districts are determined. For this reason, if for no other, it contravenes the constitutional provision quoted. Roe v. City of Duluth, 153 Minn. 68, 189 N. W. 429, and cases cited; Marwin v. Board, 140 Minn. 346, 168 N. W. 17, and cases cited; State v. Erickson, 140 Minn. 509, 167 N. W. 734; State v. Village of Gilbert, 127 Minn. 452, 149 N. W. 951; State v. Ritt, 76 Minn. 531, 79 N. W. 535.

Let a writ of ouster issue.