# CONSOLIDATED SCHOOL DISTRICT NO. 30 AND OTHERS v. HELEN CHRISTISON.[1]

April 9, 1926.

No. 25,153.

**Consolidated School Act of 1923 invalid.**
   1. Laws 1923, c. 435, *held* to be unconstitutional.

**Taxpayer entitled to injunction against unlawful expenditure of money.**
   2. Taxpayers are entitled to an injunction restraining a public officer from calling an election under an unconstitutional law because it is an unlawful expenditure of public funds.

**Petitioners not necessary parties.**
   3. In such action the petitioners for election are not necessary parties.

Schools and School Districts, 35 Cyc. p. 1050 n. 5; p. 1051 n. 23.
Statutes, 36 Cyc. p. 1010 n. 50.

---

See 9 R. C. L. p. 1001; 2 R. C. L. Supp. p. 916; 4 R. C. L. Supp. p. 632.

[1]Reported in 208 N. W. 409.

Action in the district court for Steele county to enjoin defendant as county superintendent of schools from calling an election to vote on dissolution of plaintiff school district under L. 1923, c. 435. The matter was heard by Senn, J., who granted plaintiffs' motion for judgment on the pleadings. Defendant appealed from the judgment. Affirmed.

*Brown, Somsen & Sawyer* and *Moonan & Moonan*, for appellant.

*Leach & Leach*, for respondents.

WILSON, C. J.

Consolidated School District No. 30 of Steele and Freeborn counties and five taxpayers therein are plaintiffs. Defendant appeals from a judgment entered pursuant to an order granting plaintiffs' motion for judgment on the pleadings. The action is to enjoin defendant, the county superintendent of schools, from calling an election to dissolve plaintiff consolidated school district under the provisions of L. 1923, p. 648, c. 435, on the theory that said law is unconstitutional in that it contravenes sections 33 and 34 of article 4 of the state Constitution. A petition has been presented to her pursuant to said statute.

(1) This law is applicable to "any consolidated school district which has been heretofore formed," etc. This limits the statute to a particular existing class. Consolidated school districts to be organized in the future cannot come within its application. The classification must be prospective and calculated to embrace others which may in the future come within the same class. Failure to meet this rule requires us to hold, as we do, that L. 1923, p. 648, c. 435, is unconstitutional. State ex rel. v. Independent Sch. Dist. No. 1, Polk County, 164 Minn. 66, 204 N. W. 572; State ex rel. County of Hennepin v. Erickson, 160 Minn. 510, 200 N. W. 813; 36 Cyc. 1006.

Counsel for appellant attempts to justify the classification on the theory that prior to the decision in In re Sch. Dist. No. 30 v. Consolidated Sch. Dist. No. 30, 151 Minn. 52, 185 N. W. 961, there was an ambiguity as to the word "district" in the proviso in chapter 238, p. 336, L. 1915, and as to the use of the same word in the proviso in

L. 1917, p. 621, c. 410, and it is sought to have us sustain this classification upon the doctrine of Cobb v. Bord, 40 Minn. 479, 42 N. W. 396. We do not think the distinction is substantial.

(2) The claim is made that even if the act of the legislature is unconstitutional the complaint does not make a case for injunction because the statute provides a method for contesting elections and it is claimed that this provides a full remedy for the plaintiffs. We think however that most courts, while conceding that the holding of elections is a political matter not ordinarily cognizable by a court of equity, hold that, where a proposed election is about to be had under an unconstitutional law, equity will enjoin the holding of such election at the instance of a taxpayer upon the ground of an unlawful expenditure of public funds. This is upon the theory of an entire absence of legal authority to do the things sought to be enjoined. Todd v. Rustad, 43 Minn. 500, 46 N. W. 73; Streissguth v. Geib, 67 Minn. 360, 69 N. W. 1097; Flynn v. Little Falls E. & W. Co. 74 Minn. 180, 77 N. W. 38, 78 N. W. 106; School District No. 135 v. McConnell, 150 Minn. 57, 184 N. W. 369; Jensen v. Independent Sch. Dist. No. 17, 163 Minn. 412, 204 N. W. 49. The law in question does not provide for a contest, but we see no reason why G. S. 1923, § 488, would not be applicable. The complaint discloses a threatened expenditure of public funds in calling the proposed election, which is without authority in law and which in accord with modern authorities seems sufficient to justify the intervention of equity to stay the expense and annoyance incident to an election which must be a mere nullity. From every standpoint it should be stopped before unnecessary expense is incurred and ill feeling engendered. In view of the authorities cited the case of Weber v. Timlin, 37 Minn. 274, 34 N. W. 29, cannot longer be regarded as authority.

(3) The claim is made that there is a defect of parties because the petitioners are not made parties to the suit. In Graham v. City of Minneapolis, 40 Minn. 436, 42 N. W. 291, the plaintiff sought to enjoin the city from paying a certificate of indebtedness held by one De Motte who was not made a party to the action. The action in-

volved the subject of his property right. He was entitled to his day in court. The action could not determine his rights. He was a necessary party to a complete and final determination of the matters involved. The petitioners in this case however have no special interest in the subject matter of litigation over the ordinary taxpayer. They are bound by litigation instituted and prosecuted by other taxpayers. Driscoll v. Bd. of Co. Commrs. of Ramsey County, 161 Minn. 494, 201 N. W. 945. The mere fact that they had signed the petition gives them no special interest. The petitioners doubtless could, if the law was valid, compel the superintendent to act on the petition, but we think any taxpayer in the district could do that. By virtue of being petitioners they have no rights superior to other taxpayers. Judgment in this case will end the controversy. It follows that the petitioners were not necessary parties.

Affirmed.