MARBUT *et al. v.* HOLLINGSHEAD *et al.*

532

No. 7962.   MARCH 14, 1931.

*Clarence H. Calhoun, Augustine Sams,* and *Frank T. Grizzard,* for plaintiffs in error.

*Scoll Candler,* contra.

HINES, J.   On June 6, 1930, the ordinary of DeKalb County called an election to be held on July 9, 1930, pursuant to the act of the legislature of 1922 (Ga. L. 1922, pp. 82-94), as amended by the act of 1927 (Ga. L. 1927, pp. 211-214), "to determine whether said county should have a five-commissioner county-manager form of government or not."   Thereupon Hollingshead, Sills, and Jones, as taxpayers of DeKalb County, filed their petition against the ordinary to enjoin the holding of an election under said call, upon the ground that the act of 1922 is a general law having uniform operation throughout the State, and can not be amended or changed by a special law under the provision of the constitution of this State embodied in the Civil Code (1910), § 6391; that the act of 1927 is a special law, for the reason that it is applicable to DeKalb County only, that county being the only one in this State having a population of 44,051 by the 1920 census; and that this fact renders that act void, because it violates the above provision of the constitution of this State.   They further assert that the classification made by the act of 1927 is unreasonable, because there is no possibility of any other county in this State coming within it.   They further set up that if a majority of the voters at said election should vote to change the form of government of said county, it would bring endless confusion and legal difficulties in the administration of the affairs of the county.   The ordinary filed his answer in which he neither admitted nor denied the allegation of the petition that petitioners were taxpayers of said county.   He admitted that he was ordinary of said county, had called the election as alleged in the petition, and that he called it in pursuance of the act of 1922,

as amended by the act of 1927. From lack of information he neither admitted nor denied the allegations of the petition that the act of 1922 was a general law having uniform operation throughout the State, that the act of 1927 was a special law, and that the latter law was unconstitutional and void because it offended the provision of the constitution hereinbefore set out. He admitted that the act of 1927, amending the act of 1922, would go into effect in any county in this State having a population of 44,051 by the census of 1920. From lack of information he neither admitted nor denied the allegation that DeKalb County was the only county in this State having such population.

Watkins, Marbut, Huff, and Talley intervened, alleging that they were taxpayers of DeKalb County. They denied that the act of 1927 is unconstitutional. They admitted the call of the election mentioned in the petition. They prayed that the prayers of petitioners be denied and the petition dismissed. Watkins demurred to the petition on the ground that there was no equity in the petition, and that it set forth no cause of action.

On the hearing of the application for injunction it was agreed that the census of 1920 shows that the population of DeKalb County was 44,051, and that it was the only county having that population. The hearing was confined by the court to questions of law. Intervenors introduced the petition to the ordinary, requesting that said election be called. This petition was signed by three thousand of the registered and qualified voters of said county. No other evidence was introduced; and after argument the trial judge enjoined the holding of said election, and his judgment granting the injunction prayed for is as follows: "Whereupon it is considered and adjudged by the court that the defendant be enjoined and restrained from holding the election called for the 9th day of July, 1930, as prayed for in this petition." To this judgment the defendant and the intervenors excepted upon the grounds that (a) it was contrary to law in that it granted a permanent and perpetual injunction on an interlocutory hearing before either the appearance or trial term had been reached; (b) in that the petition for injunction was prematurely brought as it could not be determined whether the election would result in a change in the form of county government in DeKalb County; (c) the remedy by injunction is available only after grave danger of impending injury, and not upon

the mere fear of injury; (d) the plaintiffs failed to introduce evidence showing how or in what manner they would be injured, if the election proceeded, and a majority of the qualified voters of the county had voted in favor of a change in the county government under the act of 1927; (e) the election was called under the act of 1922, as amended by the act of 1927, which does not place the election under the amendment unless, as provided in the act of 1922, a majority of the qualified voters of DeKalb County failed to vote in favor of five commissioners, and also unless a majority of those voting do vote for a change; (f) the act of 1927 is constitutional; and (g) the grant of the injunction was contrary to the evidence and without evidence to support it.

■ The act of August 21, 1922, providing for the establishment of "the county-manager form of county government" (Acts 1922, pp. 82-94), is a general law having general operation throughout the territorial limits of this State. The fact that this act provides that it shall not go into effect in any county of this State except upon a majority vote of the qualified voters of the county does not rob it of its character as a general statute and make it a special one. By section 24 of the act it is expressly declared to "be a general law to provide a uniform county commissioner's law for all such counties in this State as may require a commission form of county government composed of a board of county commissioners of roads and revenues for such county with a county manager as the chief executive officer thereof." In *Mathis* v. *Jones,* 84 *Ga.* 804 (11 S. E. 1018), it was held by this court that the local option fence law, embraced in the Code of 1882, was a general law having uniform operation throughout the State, notwithstanding it embodied the option principle to be exercised locally and separately by each county, or militia district, and that under the constitutional provision with which we are dealing there was no power in the legislature to pass a law specially for two militia districts so as to dispense with the popular vote provided for in the Code of 1882. In *Crabb* v. *State,* 88 *Ga.* 584 (15 S. E. 455), this court declared that the general local option liquor law was a general law providing for obtaining prohibition in the several counties of this State, notwithstanding the fact that it did not become operative in a county until it had been approved by a popular vote. So in *Haney* v. *Commissioners,* 91 *Ga.* 770 (18 S. E. 28), this court held that the

alternative road law was a general law, and had uniform operation throughout the State, although it could not become operative in a given county except upon the recommendation of the grand jury. So in *Thomas* v. *State,* 92 *Ga.* 1 (18 S. E. 44), it was held that the act of November 26, 1890, amending the fence laws of this State, was a general law, although it did not become operative in any county until an election was held and fences were abolished by a popular vote. This decision was based upon the ruling made in *Crabb* v. *State,* supra. This ruling was followed in *Futrelle* v. *George,* 135 *Ga.* 265 (69 S. E. 182). So by its express declaration, and by virtue of the authorities just cited, the act of August 21, 1922, is a general law within the meaning of the provision of the constitution which declares that "Laws of a general nature shall have uniform operation throughout the State, and no special law shall be enacted in any case for which provision has been made by an existing general law." Par. 1 of sec. 4 of art. 1 of the constitution (Civil Code of 1910, § 6391).

■ Is the act of August 19, 1927 (Acts 1927, p. 211), which amended the above act of August 21, 1922, a special act? Section 24 of the act of 1922 contained in part the provision that it "shall not go into effect in any county of this State except upon a majority vote of the qualified voters of the county, and the operation of this act in any county adopting the same shall be suspended and terminated in like manner upon a majority vote of the qualified voters of the county." By the act of 1927, section 24 of the act of 1922 was amended by adding this proviso: "Provided, however, that this provision shall not affect a county in this State having a population of 44,051 by the 1920 census taken by the United States government, and this act shall go into force and effect in a county of this State having a population of 44,051 by the 1920 census taken by the United States government, and the operation of this act in such county adopting the same shall be suspended and terminated only upon an election for the purpose of submitting to the qualified voters of the county the question whether the county-manager form of county government shall be established or abolished in such county as provided in this act. If a majority of the qualified voters of such county, voting in such election, shall vote in favor of establishing the county-manager form of county government in and for such county, this act shall thereupon become of full force and

effect in such county; and if a majority of the qualified voters of such county, voting in such election, shall vote in favor of abolishing the county-manager form of county government in such county, such form of county government shall thereupon be suspended and terminated in such county; and upon the suspension of the operation of this act in such county, the local act of force in such county shall automatically be revived, and shall have full force and effect in such county as if its operation had not been suspended in such county by the adoption of this act by such county." By the act of 1922 it took a majority of the qualified voters of the county to make that act operative. By the act of 1927 it only takes a majority of those voting to put this law in operation in DeKalb County. So it seems unquestionable that the act of 1927 is a special act for DeKalb County alone. This makes it a special or local law. While the legislature may make a classification for the purposes of legislation, and pass general laws with respect to said classes, it can not place one county in a class for such purposes. If the attempted classification is so hedged about and restricted that the act applies to only one county, and other counties can not come within the class created, it is a local law and not a general one having operation throughout the State. *Stewart* v. *Anderson,* 140 *Ga.* 31 (78 S. E. 457) ; *Abbott* v. *Commissioners,* 160 *Ga.* 657 (129 S. E. 38). The act of 1927 applies to a county in this State having a population of 44,051 by the 1920 census of the United States government. The only county in this State which had this population by that census was DeKalb, and no other county in the State could come within the scope of this provision of this act as to population. So it necessarily follows that this act was a special one, and that it was passed to apply to DeKalb County alone. This being so, it violates the above provision of the constitution of this State, and is therefore void.

■ But it may be said that if the act of 1927 is unconstitutional and void for the reason above stated, it should have been disregarded, and the election should have been permitted to proceed under the act of 1922. We have seen that the call for the election was under the act of 1922 as amended by the act of 1927. Although the act of 1927 was one amending the act of 1922, it was a separate and distinct act. It was in no sense one and the same act as that of 1922. This is true although it attempted to amend only section 24 of the act of 1922. The adoption of the act of 1922 is

determined in one way, that is, whether a majority of all the registered voters of the county vote for its adoption. The adoption of the amended act is determined in another way, that is, by whether a majority of those voting at the election vote in favor of putting the act in operation in DeKalb County. We think the sounder view is to hold that the call of an election under the act of 1922 as amended by the act of 1927 is not a good call for an election under the act of 1922. Otherwise great confusion and damage might result in permitting an election called under the act of 1927 to proceed as if called under the act of 1922. If the election called under the act of 1927 had been permitted to proceed, and a majority of the qualified voters voting at the election had declared in favor of its adoption, it would have been the duty of the proper constituted authorities of the county to have declared that the amended act or the act as amended had been put into operation by popular vote; although a majority of all the qualified voters of the county had not voted in favor of the adoption of the act of 1922. It follows that a call for an election under the act of 1922 as amended by the act of 1927 was not a call for an election under the act of 1922, and such an election could not be held under the act of 1922.

■ It is insisted that the judgment of the court was contrary to law, in that it granted a permanent injunction upon an interlocutory hearing before either the appearance or trial term of the case had been reached. The injunction granted in this case was a permanent one, and the trial judge could not grant such injunction before either the appearance or trial term of the case had been reached. But as the grant of an interlocutory injunction would have the same effect as the grant of this permanent injunction, and would necessarily have prevented the election called, and as a temporary injunction was demanded under the facts, we do not think that the error requires the grant of a new trial. A reversal on this ground would be entirely useless.

■ It is next insisted that the grant of the injunction was premature. The contention of counsel for the defendants is that the plaintiffs should have waited until the election had taken place, and had resulted in putting into force and effect the act of 1922 as amended by the act of 1927, before taking action in this matter. Injunction will not issue, as a general rule, for the purpose of restraining the holding of an election or of directing or controlling

the mode in which or for determining the rules of law in pursuance of which an election should be held. This is so because generally an election is a political matter with which the courts of equity have nothing to do. 4 Pomeroy's Equity Jurisprudence, § 1753. In some States the jurisdiction of equity has been so broadened as to permit the issuance of an injunction to prevent the holding of certain classes of elections. In Wisconsin an injunction has been issued to prevent the secretary of state from calling an election where the apportionment act was illegal. State *v.* Cunningham, 81 Wis. 440 (15 L. R. A. 561, 51 N. W. 724) ; State *v.* Cunningham, 83 Wis. 90 (35 Am. St. R. 27, 17 L. R. A. 145, 53 N. W. 35). In Nebraska, Minnesota, and Texas it has been held that an injunction is proper to restrain the holding of a county seat election. Solomon *v.* Fleming, 34 Neb. 40 (51 N. W. 304) ; Streissguth *v.* Geib, 67 Minn. 360 (69 N. W. 1097) ; Oden *v.* Barbee, 103 Tex. 449 (129 S. W. 602). In *Mayor &c. of Macon* v. *Hughes,* 110 *Ga.* 795 (36 S. E. 247), this court held that "Equity will enjoin municipal authorities from holding an election to determine whether a given territory shall be annexed to the city, when the ordinance calling for the election was plainly ultra vires, and there was no warrant in law for holding the election." In a number of cases this court has held that there are exceptions to the general rule that a court of equity will not enjoin an election. One of these exceptions is where the constitutional rights of citizens and taxpayers are sought to be invaded by an attempt to make an unconstitutional or inapplicable law operative through the means of an election. *Town of Roswell* v. *Ezzard,* 128 *Ga.* 43 (57 S. E. 114) ; *Town of Maysville* v. *Smith,* 132 *Ga.* 316 (64 S. E. 131) ; *County of DeKalb* v. *Atlanta,* 132 *Ga.* 727 (65 S. E. 72) ; *Tolbert* v. *Long,* 134 *Ga.* 293 (67 S. E. 826, 137 Am. St. R. 222) ; *Cheney* v. *Ragan,* 151 *Ga.* 375 (108 S. E. 30). Under the authorities cited, the suit in this case was properly brought to enjoin the holding of the election under the act of 1927, which we have held to be unconstitutional and void. The principle upon which the rulings in these cases are based is that such election would bring about confusion, subject citizens and taxpayers to damages, and cause a multiplicity of suits.

▮ The other attacks upon the judgment granting the injunction are without merit; and it follows from the above rulings that the

trial judge did not err in enjoining the election, except in the manner specified in the fourth division of this opinion, which error does not require a reversal.

*Judgment affirmed. All the Justices concur.*