# STATE EX REL. GEORGE W. KIRK v. CHARLES B. REMMEY.[1]

February 18, 1927.

No. 25,838.

**Construction of proviso in act reducing salaries of county commissioners.**

Chapter 487, L. 1919, reduced the salaries of county commissioners in certain counties from $800 to $600. The proviso that the act "shall not reduce the amount of salaries paid to the county commissioners of any county in this state at the time of the passage of this act, but that such salaries shall remain the same as they may be at said time," construed to apply not to the salary level in the specified counties as such but only to continue the old salaries for the commissioners then in office until the expiration of the terms they were then serving.

Constitutional Law, 12 C. J. p. 788 n. 1.
Counties, 15 C. J. p. 455 n. 28.
Statutes, 36 Cyc. p. 977 n. 28; p. 1103 n. 97; p. 1107 n. 36; p. 1109 n. 47; p. 1111 n. 71; p. 1128 n. 58.

Relator appealed from a judgment of the district court for Rice county, Senn, J., quashing an alternative writ of mandamus. Affirmed.

*Moonan & Moonan*, for appellant.
*Lucius A. Smith*, for respondent.
*Freeman & Smith*, filed a brief as amici curiae.

STONE, J.

Relator, a member of the board of county commissioners of Rice county, seeks by mandamus to compel respondent as county auditor to issue warrants for an alleged unpaid balance of official salary. The alternative writ was quashed and relator appeals from the judgment.

The only issue is one of law and arises as follows: The assessed valuation of Rice county during all of the years now in question has been between twenty and twenty-five million dollars. Chapter

[1] Reported in 212 N. W. 445.

308, p. 441, L. 1913, fixed the salaries of the commissioners in counties having assessed valuations of more than $20,000,000 and less than $100,000,000 at $800. That law controlled until L. 1919, p. 639, c. 487, went into effect. The latter statute put into a class by themselves counties having an assessed valuation of over $20,000,000 and less than $40,000,000 and fixed the salaries of the commissioners at $600. By this proceeding relator is resisting the reduction of his salary from $800 to $600. His insistence is that the $800 salary level is preserved in Rice county by the third proviso of the 1919 law reading as follows:

"Provided, that this act shall not reduce the amount of salaries paid to the county comissioners of any county in this state at the time of the passage of this act, but that such salaries shall remain the same as they may be at said time."

Two provisos precede that one. The first excepts from the operation of the statute counties of a certain size with respect to both population and area. The second is a saving clause preventing the repeal by implication of certain general laws all of which relate to the salaries of county commissioners. It was the view of the learned trial judge that the third proviso, above quoted, must be construed as saving from the reduction from $800 to $600 the salaries of county commissioners in office at the time being, the result being that as their terms expired the reduction would take effect.

In that view we concur. In doing so we are mindful that we are possibly not adopting the most literal interpretation of the language. We recognize the merit of the argument that if the legislature had intended to save only the salaries of commissioners in office at the time being and not to maintain at the $800 level the salaries for the county, they could well have said so in precise and apt terms. If we could stop there, the case would be susceptible of easy decision in agreement with that argument. But there is an obstacle now to be considered, which in our opinion makes its adoption impossible.

Courts are loath to construe a statute literally if the result is absurd, for it is unthinkable that the legislature intended an ab-

surdity. Much more are judges loath to hold a statute unconstitutional, and so for obvious reasons where there is reasonable choice of meanings, one of which will render the statute unconstitutional and the other will avoid that result, the latter is chosen as a matter of course.

To construe the statute as maintaining the $800 salary in the counties where it existed at the time and also as providing a $600 level for others which subsequently should pass above the minimum $20,000,000 of assessed valuation would result in a classification obviously unconstitutional. That is because the $800 class so fixed would be closed to counties subsequently passing the $20,000,000 mark. Marwin v. Board of Auditorium Commrs. 140 Minn. 346, 168 N. W. 17, and cases cited. We do not consider it a case where we may declare the proviso invalid and yet sustain the rest of the law. We cannot assume that the legislature would have enacted the law without the proviso. Anyway we must give the proviso effect if reasonably possible.

So we are brought to consider whether the language is susceptible of the meaning that the salaries of the commissioners in office at the time were the only ones protected. While it is not apt for the purpose, we think it must have been so intended. Anyway we adopt that view because the act cannot be upheld otherwise. Always there has been a legislative tendency, in the reduction of salaries, to exempt from the operation officials in office at the time being. There can be no constitutional objection to the law of 1919 if it be construed as saving only the salaries of commissioners in office at the time being and continuing the old rate for them to the expiration of their terms of office. That as some of those terms expired there would be on the same board commissioners drawing $800 and others only $600 per annum, would not create a valid objection to the classification, for it would be temporary and referable to an obvious and sufficient reason—the distinction conventionally made in the reduction of official salaries in favor of men in office at the time and continuing to the expiration of their terms the old salaries.

Judgment affirmed.